

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number 3461650 |
| **Entity Served:** | State Farm Fire & Casualty Co. |
| **Title of Action:** | Jacquelyne D. Fiala and William T Fiala vs. State Farm Fire And Casualty Company |
| **Matter Name/ID:** | Jacquelyne D. Fiala and William T Fiala vs. State Farm Fire And Casualty Company (15008417) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Chancery Court, TN |
| **Case/Reference No:** | 23-1461-III |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 12/20/2023 |
| **Answer or Appearance Due:** | 30 days |
| **Originally Served On:** | TN - Dept of Commerce and Insurance on 12/04/2023 |
| **How Served:** | Certified Mail |
| Sender Information: | Jacquelyne D. Fiala, - Pro Se<br>615-364-6251 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

EXHIBIT
A



Department of
**Commerce &
Insurance**

December 12, 2023

State Farm Fire & Casualty Co.            Certified Mail
2908 Poston Avenue C/O C S C              Return Receipt Requested
Nashville, TN  37203                      7020 1290 0001 6215 3560
NAIC # 25143                              Cashier # 234967

Re:    Jacquelyne D Fiala Et Al   V.   State Farm Fire & Casualty Co.

       Docket # 231461

To Whom It May Concern

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served December 04, 2023, on your behalf in connection with
the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Davidson County
    One Public Square, Suite 308
    Nashville, Tn  37201

State of Tennessee, Department of Commerce & Insurance
500 James Robertson Parkway, Service of Process - 10th Floor, Nashville, TN 37243
Service.Process@tn.gov; 615-532-5260

Case 3:24-cv-00050    Document 1-1    Filed 01/17/24    Page 2 of 140 PageID #: 6



COPY

| STATE OF TENNESSEE 20ᵀᴴ JUDICIAL DISTRICT CHANCERY COURT | SUMMONS | CASE FILE NUMBER 23-14.61-III |
|---|---|---|

| PLAINTIFF Jacquelyne D. Fiala and William T. Fiala | DEFENDANT State Farm Fire and Casualty Co. NAIC CoCode 25143 |
|---|---|

TO:    (NAME AND ADDRESS OF DEFENDANT)

State Farm Fire and Casualty Co.
NAIC CoCode 25143
c/o TN Commissioner of Insurance
One State Farm Plaza
Bloomington, Illinois 61710

List each defendant on a separate summons.

**Method of Service:**

☐ Certified Mail
☐ Davidson Co. Sheriff
☑ *Comm. Of Insurance
☐ *Secretary of State
☐ *Out of County Sheriff
☐ Private Process Server
☐ Other
      *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) Jacquelyne D. Fiala 7707 Indian Springs Drive Nashville, TN 37221 (615) 364-6251 | FILED, ISSUED & ATTESTED    NOV 1 7 2023 FOR CLERK USE ONLY |
|---|---|
| | MARIA M. SALAS, Clerk and Master By:                    1 Public Square                        Suite 308                        Nashville, TN 37201  *Lisa Neal* Deputy Clerk & Master |

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing.  The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

ⓑADA Coordinator, Maria M. Salas (862-5710)



RECEIVED
DEC 01 2023
BY:

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows:  (Name of Party Served) _____

☐ Served _____   ☐ Not Found
☐ Not   _____   ☐ Other _____
    Served

| Date of Return: | By: |
| Agency Address: | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____ 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the ___ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____ 20

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20___. <br> Signature of ____ Notary Public or ____ Deputy Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

My Commission Expires: _____

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to: Clerk & Master
            1 Public Square
            Suite 308
            Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master <br><br> By: <br><br>                              D.C. & M. |



COPY

# IN THE CHANCERY COURT FOR THE TWENTIETH JUDICIAL DISTRICT
## AT NASHVILLE, TENNESSEE

JACQUELYNE D. FIALA and )
WILLIAM T. FIALA, )
                             )
     **Plaintiffs,** )
                             )
**v.** )     Case No. 23 - 1461-Ⅲ
                             )
**STATE FARM FIRE AND CASUALTY** )     **JURY DEMAND**
**COMPANY,** )
                             )
     **Defendant.** )

---

## AFFIDAVIT

---

Comes now Plaintiff Jacquelyne D. Fiala who, under penalties of perjury, after being duly sworn, states as follows:

    1.     I am a resident of the State of Tennessee and over the age of eighteen (18).

    2.     The last known address for Defendant State Farm Fire and Casualty Company is One State Farm Plaza, Bloomington, Illinois 61710. This address is Defendant's Business Address, Mailing Address, Statutory Home Office Address, and Main Administrative Office Address, as provided in the NAIC database.

    3.     Defendant State Farm Fire and Casualty Company's NAIC CoCode is 25143.

Further Affiant Saith Not.

                                                    _____
                                                  Jacquelyne D. Fiala

1

State of Tennessee

County of Davidson

On this the seventeenth day of November, 2023, before me personally appeared Jacquelyne D. Fiala to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed, for the purposes therein set forth.

Notary Public

My Commission Expires _____ April 17th _____, 20____

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served upon Defendant State Farm Fire and Casualty Company via service to the Commissioner of the Tennessee Department of Commerce and Insurance with the Complaint.

By: /s/ Jacquelyne D. Fiala
Jacquelyne D. Fiala

2



## IN THE CHANCERY COURT FOR THE TWENTIETH JUDICIAL DISTRICT
## AT NASHVILLE, TENNESSEE

| | | |
|---|---|---|
| **JACQUELYNE D. FIALA and** | ) | |
| **WILLIAM T. FIALA,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | **JURY DEMAND** |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT

Come now Plaintiffs, Jacquelyne D. Fiala and William T. Fiala (collectively, "Plaintiff" or "Insureds"), and respectfully file their Complaint against Defendant, State Farm Fire and Casualty Company ("State Farm"), and avers as follows:

### PARTIES AND JURISDICTION

1. The Insureds are residential homeowners of the property located at 7707 Indian Springs Drive, Nashville, Tennessee 37221 (the "Property"). The Insureds are residents of and domiciled in the State of Tennessee.

2. Defendant State Farm Fire and Casualty Co. is an insurance company domiciled in the State of Illinois, NAIC CoCode 25143, that writes homeowners' insurance policies in the State of Tennessee. Pursuant to Tenn. Code Ann. § 56-2-504, State Farm can be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance.

3. Jurisdiction is proper with this Court pursuant to Tenn. Code Ann. § 16-11-101, *et seq.*

4. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101, *et seq*.

1

## FACTS

5.      State Farm Fire and Casualty Company insures the Property pursuant to the terms in the applicable Homeowners' Policy, Policy No. 42B6P0230 (the "Homeowners' Policy"). Pursuant to Tenn. R. Civ. P. 10.03, State Farm is in possession of a copy of the Homeowners' Policy.

6.      The Homeowners' Policy provides that "deductibles are applied per occurrence." The Homeowners' Policy defines "occurrence" to mean "an accident . . . , which results in . . . (b) property damage." The Homeowners' Policy further explains, "[a]ll bodily injury or property damages resulting from one accident, series of related accidents, or from continuous or repeated exposure to the same general conditions **is considered to be one occurrence**." (Emphasis added).

7.      In or around March 2022, the double-layer shingle roof and interior ceilings of the Property suffered damage as a result of a storm that produced hail, heavy winds, and heavy rain.

8.      The damage to the Property was apparent from water stains on the ceilings of the Property's kitchen, living room, dining room, and adjacent hallway. Photos of the water stains are attached as collective Exhibit A.

9.      Shortly after the damage became apparent, Insureds began working with Mighty Dog Roofing to assist with the repair work to the Property and the insurance claim process.

10.     Mighty Dog Roofing inspected the Property's roof in the spring of 2022 and found substantial hail damage to the roof.

11.     According to Mighty Dog Roofing's inspection, the Property required a full roof replacement.

12.     On or around April 6, 2022, Insureds filed Claim No. 4242K709Z related to the damage to the Property's roof and interior ceilings.

13.     In the spring of 2022, State Farm sent two adjusters to the Property, one to estimate the exterior damage to the roof and the second to estimate the interior, related water damage.

14.     On May 2, 2022, State Farm emailed Insureds to notify them that the exterior adjuster did not find any wind damage on the Property's roof. A copy of the May 2, 2022 email from State Farm is attached as Exhibit B.

15.     State Farm provided an estimate for the interior damage to the Property with the May 2, 2022 email totaling $682.04.

16.     State Farm's May 2, 2022 estimate did not include any cost of repairs or replacement to the roof of the Property.

17.     On or around May 6, 2022, State Farm sent Insureds a letter notifying them that the loss (calculated without any repair cost for the roof) did not exceed the Homeowners' Policy's deductible, so State Farm would not be issuing payment. A copy of the May 6, 2022 letter from State Farm is attached as Exhibit C.

18.     On or around June 1, 2022, upon inquiring whether State Farm's exterior adjuster inspected for hail damage, in addition to damage from wind, State Farm indicated the first exterior adjuster only inspected for wind damage.

19.     On June 21, 2022, Insureds emailed State Farm a letter enclosing (1) a cover letter requesting an inspection for hail damage; (2) correspondence from Mighty Dog Roofing summarizing the report; (3) photos of hail damage to the Property's roof; and (4) an estimate for the recommended full roof replacement. A copy of Insureds' June 21, 2022 email and attachments is attached as collective Exhibit D.

3

20.    Mighty Dog Roofing's report and photos of the Property's roof shows "clear images of (1") collateral [damage] on the skylights." The report explains that the flashing on the skylights is a heavier gauge metal than typical flashing, so the one-inch dents are evidence of hail damage.

21.    State Farm failed provide a written response to Insureds' June 21, 2022 correspondence.

22.    More than a month later, on July 27, 2022, a second exterior adjuster, Vic, from State Farm visited the Property.

23.    State Farm's July 27, 2022 inspection found hail damage to the roof of the Property.

24.    Vic left a voicemail for Insureds on July 27, 2022 after inspecting the roof of the Property. Vic's July 27, 2022 voicemail indicates that the repair cost for the exterior hail damage to the Property totals $6,924.06, which is below the deductible in the Homeowners' Policy so no payment would issue. The voicemail further states that State Farm would send a letter to Insureds outlining the information conveyed in the voicemail.

25.    State Farm never sent Insureds any documentation related to Vic's July 27, 2022 exterior hail damage repair estimate totaling $6,924.06.

26.    Based on the July 27, 2022 voicemail, upon information and belief, State Farm improperly determined that a full roof replacement was not warranted.

27.    The same day, on July 27, 2022, Insureds called State Farm to discuss Vic's findings and left a voicemail.

28.    State Farm failed to return Insureds' July 27, 2022 telephone call or otherwise respond to Insureds.

4

29.     On or around September 17, 2022, State Farm provided a revised estimate for the repairs to the Property directly to Mighty Dog Roofing's Supplements team. A copy of State Farm's September 17, 2022 is attached as Exhibit E.

30.     State Farm failed to notify Insureds that it had issued a revised estimate.

31.     State Farm's September 17, 2022 estimate provides for the repair of 7.04 square feet of the roof at the Property.

32.     The total cost of roof repairs pursuant to the September 17, 2022 estimate is $6,368.52.

33.     The September 17, 2022 estimate also provides for repairs to the interior ceilings totaling $937.25 in the kitchen only.

34.     The September 17, 2022 estimate fails to include any costs to repair the interior ceilings in the living room, dining room, or the adjacent hallway.

35.     The September 17, 2022 estimate fails to consider applicable building codes that prohibits repairs of double-layer shingle roofs and require replacement.

36.     On September 20, 2022, the Supplements team at Mighty Dog Roofing emailed State Farm, on behalf of and copying Insureds, asking which shingles are covered for the repair. A copy of Mighty Dog Roofing's September 20, 2022 email is attached as Exhibit F.

37.     State Farm did not respond to Mighty Dog Roofing's September 20, 2022 email.

38.     On September 27, 2022, Mighty Dog Roofing's Supplements team again emailed State Farm. A copy of Mighty Dog Roofing's September 27, 2022 email to State Farm is attached as Exhibit G.

39.     State Farm did not respond to Mighty Dog Roofing's September 27, 2022 email.

5

40.    Also on September 27, 2022, Insureds emailed State Farm requesting a copy of State Farm's most recent estimate from the July 27, 2022 adjuster visit and informing State Farm of the applicable building code that prohibits repairs of double-layer shingle roofs and require replacement. A copy of Insureds' September 27, 2022 email to State Farm is attached as Exhibit H.

41.    State Farm did not respond to Insureds' September 27, 2022 email.

42.    On September 30, 2022, Insureds sent State Farm an email outlining the history of their claim. Insureds' September 30, 2022 email notes that the claim has been pending for over six months, and the delay is attributable to State Farm actions and inaction. The email requests that the claim be escalated to management. A copy of Insureds' September 30, 2022 email to State Farm is attached as Exhibit I.

43.    State Farm did not respond to Insureds' September 30, 2022 email.

44.    Rather than receiving a written response to their September 30, 2022 email, in or around early October 2022, a claims representative – not management level – contacted Insureds by telephone. During the call, Insureds requested and State Farm agreed to issue a written response to their September 30, 2022 email.

45.    State Farm never sent Insureds' a written response to their September 30, 2022 email, as promised by State Farm's claims representative during the early October 2022 phone call.

46.    On October 18, 2022, Insureds sent State Farm an email stating, "I still have not received a written response to my above email, as you promised over the phone." The email requests that all future communication on this claim be in writing. A copy of Insureds' October 18, 2022 email is attached as Exhibit J.

6

47.     On October 19, 2022, State Farm sent Insureds an email purporting to attach a written response that it allegedly sent on October 1, 2022. There was no attachment to State Farm's October 19, 2022 email.

48.     Insureds never received State Farm's October 1, 2022 email because it was sent to an email address that was not in use. State Farm knew by at least spring 2022 that Insureds' old email was not in use and where communication should be sent. A copy of State Farm's October 19, 2022 email and Insureds' October 19, 2022 response to State Farm is attached as collective Exhibit K.

49.     On October 22, 2022, State Farm sent Insureds a copy of the September 17, 2022 estimate for the first time.

50.     Despite written requests and requests over the phone, State Farm failed to adequately communicate with Insureds regarding their claim.

51.     State Farm never contacted Insureds in writing or over the phone.

52.     Having received no communication from State Farm in months, Insureds contacted their State Farm agent who wrote the Homeowners' Policy, Marty Luffman, to assist with the processing of their claim.

53.     Insureds were informed that Mr. Luffman was "retired" and there was no one at the local office to assist with the claim. The office staff provided Mr. Luffman's cell phone number although there was no promise of assistance.

54.     Insureds contacted Mr. Luffman in or around March 2, 2023. During the conversation, Mr. Luffman and Insureds discussed the applicable building code that requires shingles used during a partial roof repair/replacement match the size, shape, and color of existing

7

shingles on the roof. Mr. Luffman advised that if Insureds sent him a copy of applicable building code(s), he would escalate the matter at within State Farm.

55.     On March 2, 2023, Insureds sent Mr. Luffman the requested building code sections, Tenn. Comp. R. & Regs. 0780-01-05-.10 and Metropolitan Nashville Building Code § 16.08.010, which incorporates by reference International Building Code § 15.11.3.1.1(3). A copy of Insureds' March 2, 2023 email is attached as Exhibit L.

56.     Mr. Luffman did not respond to Insureds' March 2, 2023 email.

57.     On March 17, 2023, State Farm requested Insureds send an estimate for a full roof replacement.

58.     On March 28, 2023, Insureds' replacement roofing contractor, Music City Roofers, sent an email to State Farm, on behalf of and copying Insureds, attaching the requested estimate for a full roof replacement for the Property totaling $36,247.05. A copy of Music City Roofers' March 2, 2023 email and estimate is attached as collective Exhibit M.

59.     On or around April 4, 2023, State Farm sent Insureds a letter stating it would reconsider their claim. A copy of State Farm's April 4, 2023 letter is attached as Exhibit N.

60.     On or around April 19, 2023, Music City Roofers contacted State Farm on behalf of Insureds to determine the documentation that State Farm requested in its April 4, 2023 letter. State Farm informed Music City Roofers over the phone that State Farm needed additional photos showing the issues with reparability.

61.     On April 26, 2023, Music City Roofers, sent an email to State Farm, on behalf of and copying Insureds, attaching photo report containing 34 photos of the Property's roof. A copy of Music City Roofers' April 26, 2023 email and attached photo report is attached as Exhibit O.

8

62.     Music City Roofers' photo report includes photos showing the size, color, and shape of the Property's existing shingles, all roof raises and ridges, and the number and measurement of the six existing skylights and associated flashing.

63.     Between April 26, 2023 and May 17, 2023, Insureds left repeated voicemails at State Farm. The attempted calls are documented in Insureds' May 17, 2023 email to State Farm attached as Exhibit P.

64.     State Farm failed to respond in writing to Insureds' May 17, 2023 email.

65.     When State Farm finally responded to Insureds via telephone in or around late May/early June 2023, State Farm's representative indicated that State Farm was going to approve a partial roof replacement.

66.     By email dated June 5, 2023, Music City Roofers again informed State Farm that Tennessee is a "matching state," so replacement shingles must match existing shingles. Music City Roofers further noted that the shingles on the existing roof are discontinued, so it is impossible to match the shingles for a partial replacement. A copy of Music City Roofers' June 5, 2023 email is attached as Exhibit Q.

67.     On or around June 7, 2023, State Farm requested, via telephone, that Insureds leave a sample shingle on the front porch of the Property, so State Farm could perform a matching analysis. The matching analysis would determine whether new matching shingles could be purchased.

68.     On or around June 13, 2023, Insureds put the shingle sample on the front porch of the Property as requested by State Farm.

69.     On July 13, 2023, State Farm sent Insureds a letter with the results of a match test for siding.

9

70.     Insureds responded to State Farm by email dated July 13, 2023, stating their claim did not involve any siding.

71.     On July 14, 2023, State Farm sent Insureds the results of the shingle match test.

72.     State Farm asked Insureds to purchase the shingles that were recommended in the match test results and compare them to the existing shingles at the Property.

73.     On or around July 19, 2023, Music City Roofers compared the shingles recommended by State Farm to the existing shingles at the Property.  Music City Roofers took photographs comparing the size and color of the shingles recommended by State Farm to the singles on the roof at the Property.

74.     The shingles recommended by State Farm in its match test were different in size and color from the shingles on the existing roof at the Property.

75.     On July 21, 2023, Music City Roofers sent State Farm, on behalf of and copying Insureds, a copy of the report comparing the recommended shingles to the existing shingles.  The report includes 18 photographs of the recommended shingles compared side by side on the roof of the Property.  A copy of Music City Roofers' July 21, 2023 email and shingle comparison report is attached as collective Exhibit R.

76.     On July 31, 2023, Music City Roofers sent State Farm an email again attaching its shingle comparison report and also attaching results from an independent match test performed at the request of Insureds and Music City Roofs.

77.     The independent match test showed that the shingles on the roof at the Property were, indeed, discontinued and unavailable, though a match was available on the market.  A copy of the Itel independent match test is attached as Exhibit S.

78.     After multiple attempts to reach State Farm via email and telephone between July 31, 2023 and August 8, 2023, State Farm informed Insureds over the phone on or around August 8, 2023 that (1) State Farm was denying Insureds' claim for a full roof replacement; and (2) State Farm would send out another adjuster to review the interior damage in the rooms that were not included in the most recent estimate.

79.     State Farm failed to send an adjuster to review the interior damage, as promised.

80.     State Farm failed to notify Insureds in writing via email or regular mail of the change in their claim status.

81.     On or around October 9, 2023, State Farm informed Insureds via voicemail that Insureds' claim again had been reassigned to a new claims handler.

82.     The October 9, 2023 voicemail from State Farm further notified Insureds that State Farm management reviewed Insureds' claim and added another slope of the roof to the area State Farm agreed required replacement.

83.     State Farm failed to notify Insureds in writing via email or regular mail of State Farm's agreement to include another roof slope in the necessary repairs.

84.     The October 9, 2023 voicemail further acknowledges that there is a size difference between the existing shingles on Insureds' roof and the replacement shingles proposed by State Farm.

85.     State Farm failed to notify Insureds in writing via email or regular mail that there is a size difference between the existing shingles on Insureds' roof and the replacement shingles proposed by State Farm.

11

86.     The October 9, 2023 voicemail further notified Insureds that, even with the addition of the second roof slope to the proposed repairs, the total cost of the repairs still would not exceed the deductible on Insureds' policy.

87.     State Farm failed to notify Insureds in writing via email or regular mail that a new estimate had been performed for the repair of an additional roof slope.

88.     State Farm further failed to provide Insureds the opportunity to obtain an independent estimate for the repair of the additional roof slope.

89.     Despite multiple requests from Insureds via phone and email, to date, State Farm has failed to send an adjuster to review the damage to the interior ceilings in the living room, dining room, and adjacent hallway or to provide an estimate for those repairs.

90.     Despite multiple requests from Insureds, via phone and email, to date, State Farm has not sent a denial of Insureds' claim in writing.

91.     To date, State Farm has failed to fund the partial roof repair or the interior damage to the Property.

92.     Over the approximate eighteen months of the life of Insureds' claim, State Farm has reassigned Insureds' claim to different claims representatives at least fourteen times.

93.     The repeated reassignment of Insureds' claim resulted in additional, unnecessary delays in the resolution of the claim.

94.     Marty Luffman's long-term unavailability to assist with the processing of Insureds' claim and his failure to assign his duties as agent to another individual resulted in additional, unnecessary delays in the resolution of the claim.

## First Cause of Action: Breach of Contract

95.     Insureds reincorporate the preceding paragraphs as if fully set forth herein.

96.     Insureds' Homeowners' Policy is a valid, enforceable contract.

97.     State Farm has a contractual duty pursuant to the Policy to fund repairs to the Property resulting from wind or hail damage in excess of the Policy's deductible.

98.     State Farm is contractually obligated to process claims under the Policy in good faith with respect to timeliness of resolution of claims.

99.     State Farm is contractually obligated to process claims under the Policy in good faith with respect to reasonableness of approvals and denials for claims under the Policy.

100.    The damages to the Property are covered losses under the Policy.

101.    State Farm breached the above duties by failing to fund repairs in excess of the deductible that constitute covered losses to the Property, failing to process Insureds' claim in a reasonably timely manner in good faith, and by denying the claim in bad faith.

102.    As a direct and proximate cause of State Farm's breaches, Insureds have suffered damages in an amount to be proven at trial but no less than $200,000.00.

## Second Cause of Action: Violation Tenn. Code Ann. § 56-7-105

103.    Insureds reincorporate the preceding paragraphs as if fully set forth herein.

104.    Upon information and belief, State Farm knowingly failed to acknowledge with reasonable promptness pertinent communications with Insureds about their claim.

105.    Upon information and belief, State Farm knowingly failed to adopt and implement reasonable standards for the prompt investigation and settlement of Insureds' claim.

13

106. Upon information and belief, State Farm knowingly failed to attempt in good faith to effectuate prompt, fair and equitable settlement of Insureds' claim for the partial roof replacement and interior damage after liability has become reasonably clear.

107. Upon information and belief, State Farm knowingly failed to attempt in good faith to effectuate prompt, fair and equitable settlement of Insureds' claim for the full roof replacement and interior damage after liability has become reasonably clear.

108. State Farm knowingly refused to pay Insureds' claim without conducting a reasonable investigation.

109. State Farm knowingly failed to affirm or deny coverage of Insureds' claim within a reasonable time after the proof of loss statement has been completed.

110. State Farm knowingly unreasonably delayed the investigation of Insureds' claim by requiring both a formal proof of loss form and subsequent verification that resulted in duplication of information.

111. State Farm's failure to pay Insureds' claim was not in good faith.

112. State Farm's acts and omissions have directly and proximately caused damage to Insureds in an amount to be proven at trial not less than $200,000.00, plus pre- and post-judgment interest, costs, expenses, and attorney's fees.

### Third Cause of Action: Violation Tennessee Consumer Protection Act

113. Insureds reincorporate the preceding paragraphs as if fully set forth herein.

114. State Farm knowingly violation Tenn. Code Ann. § 47-18-101, *et seq.*

115. State Farm knowingly misrepresented that Insureds' Homeowners' Policy would pay for covered home repairs in excess of the policy deductible when Insureds' purchased the Policy.

14

116. State Farm advertised that they would pay for covered home repairs in excess of the policy deductible.

117. State Farm's advertised message knowingly created a false impression of the quality, value, and usability of the services offered under the Insureds' Policy.

118. State Farm knowingly delayed the settlement of Insureds' claim by, among other things, repeatedly changing claims representatives throughout the claim process, requiring Insureds to complete duplicative tasks promising issuance of payment, and repeatedly verbally informing Insureds that a full roof replacement would be approved when it never intended to approve it.

119. State Farm's acts and omissions have directly and proximately caused damage to Insureds in an amount to be proven at trial not less than $200,000.00, treble damages, plus pre- and post-judgment interest, costs, expenses, and attorney's fees.

**WHEREFORE**, premises considered, the Insureds pray:

I. That process issue for State Farm Fire and Casualty Company requiring it to answer or otherwise respond to this Complaint within the time frame mandated by law;

II. That a jury of twelve persons be empaneled to try all issues triable in this matter;

III. That the Court enter judgment against State Farm Fire and Casualty Company finding it liable for the claims set forth herein;

IV. That the Court award the Insureds actual damages in an amount not less than $50,000.00, plus pre- and post-judgment interest at the maximum rate permitted by law;

V. That the Court award the Insureds punitive damages;

VI. That the Court award the Insureds costs and reasonable attorney's fees as permitted under applicable law and the Homeowners' Policy;

15

VII.    Any such further relief as the Court may deem just and appropriate.

Respectfully submitted,

By: */s/ Jacquelyne D. Fiala*

Jacquelyne D. Fiala (TN Bar No. 30498)
7707 Indian Springs Drive
Nashville, Tennessee 37221
Tel: (615) 364-6251
jackiedfiala@gmail.com

16

E-FILED
11/15/2023 12:28 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.











**From:**"HOME CLMS-FIRECLAIMS" <statefarmfireclaims@statefarm.com>
**Sent:**Mon, 2 May 2022 18:34:39 +0000
**To:**"JACKIE.GARFIELD@WALLERLAW.COM" <JACKIE.GARFIELD@WALLERLAW.COM>
**Cc:**"DF - FIRE - Drop File Document" <DF-FIRE-CL@internal.statefarm.com>
**Subject:**42-32K7-09Z
**Attachments:**2-Customer Copy 3860486743.pdf

Mrs. Fiala,
Please see the attached copy of the estimate. As I explained on my voicemail there was not any wind related damage found to the roof. I will send a letter explaining the claim is a loss below your deductible as it wasn't reached. If you have any questions please reach out. Thank you.



**State Farm**
**P.O. Box 106169**
**Atlanta, GA 30348-6169**
**Fax: 1-844-236-3646**
**statefarmfireclaims@statefarm.com**

# Structural Damage Claim Policy

This estimate is priced based on estimated market pricing for the cost of materials, labor, and other factors at the time of the loss.

Adjustments in market pricing and timing of the repairs may impact the final cost of covered repairs. Should you or the contractor you select have questions concerning our estimate, please contact us. If your contractor's estimate is higher than ours, you should contact us prior to beginning repairs. State Farm will work with you and your contractor to determine the actual and necessary cost of covered repairs at the time repairs will be completed, subject to policy terms, conditions and limits.

• We want you to receive quality repair work to restore the damages to your property.

• We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

• Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

• There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

• State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

• State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

• It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.

 **StateFarm** # Building Estimate Summary Guide

42Z

**This summary guide is based on a sample estimate and is provided for reference only.**
**Please refer to the estimate for specifics of your claim.**

## State Farm Insurance

| | | | |
|---|---|---|---|
| Insured: | Smith, Joe & Jane | Estimate: | 00-0000-000 |
| Property: | 1 Main Street | Claim number: | 00-0000-000 |
| | Anywhere, IL 00000-0000 | Policy Number: | 00-00-0000-0 |
| Type of Loss: | Other | Price List: | ILBL8F_MAR 13 |
| Deductible: | $1,000.00 | | Restoration/Service/ Remodel |
| | | | F = Factored In, |
| | | | D = Do Not Apply |

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | |
| Replacement Cost Value (Including General Contractor Overhead and Profit [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & Non - recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | |
| Net Actual Cash Value Payment [6] | | | |

### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) [4] | 832.50 | |
| Less Non - recoverable Depreciation (Including Taxes) [7] | | |
| Subtotal | | 312.50 |
| General Contractor O&P on Depreciation | 166.50 | |
| Less General Contractor O&P on Non - recoverable Depreciation | | |
| Subtotal | | |
| Total Maximum Additional Amounts Available If Incurred [8] | | |
| Total Amount of Claim If Incurred [9] | | |

Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

1. **Line Item Total** – Total value of all line items in the estimate plus possible adjustments for *labor minimums. Labor Minimum* is to cover a certain minimum number of hours for drive-time, set up time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit** – General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV)** – Estimated cost to repair or replace damaged property.

4. **Depreciation** – The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible** – The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV)** – The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible.*

7. **Non Recoverable Depreciation** – *Depreciation* applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount if Incurred** – Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim if Incurred** – Total amount of the claim, including *net actual cash value payment and total maximum additional amount available if incurred.*

Z

1002989
Date:  5/2/2022 1:25 PM

139928.1 01-23-2013
Page: 2



# State Farm

| | | | | |
|---|---|---|---|---|
| Insured: | FIALA, BILL | | Estimate: | 42-32K7-09Z |
| Property: | 7707 INDIAN SPRINGS DR | | Claim Number: | 4232K709Z |
| | NASHVILLE, TN 37221-1128 | | Policy Number: | 42B6P0230 |
| Cellular: | 615-364-6251 | | Price List: | TNNA28_APR22 |
| Type of Loss: | | | | Restoration/Service/Remodel |
| Deductible: | $8,070.00 | | | |
| Date of Loss: | 3/31/2022 | | | |

## Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---:|
| Line Item Total | 682.04 |
| Material Sales Tax | 7.37 |
| Replacement Cost Value | 689.41 |
| Less Deductible | (8,070.00) |
| Replacement Cost Value Total | (7,380.59) |
| Net Payment | $0.00 |

Kinsaul, Hunter
866-787-8676 x 5766

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND
LIMITS OF YOUR POLICY.**

**Source - Eagle View**

**Interior**



| Kitchen | | Height: 8' |
|---|---|---|
| 704.00 SF Walls | | 480.00 SF Ceiling |
| 1,184.00 SF Walls & Ceiling | | 480.00 SF Floor |
| 88.00 LF Ceil. Perimeter | | 88.00 LF Floor Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 1. Drywall patch / small repair, ready for paint | 3.00 EA | 65.71 | 0.90 | 198.03 |
| 3. Seal/prime then paint the surface area (2 coats) | 40.00 SF | 0.92 | 0.70 | 37.50 |
| 4. Paint the ceiling - one coat | 480.00 SF | 0.64 | 5.77 | 312.97 |
| **Totals: Kitchen** | | | **7.37** | **548.50** |

Area Totals: Interior

| 704.00 SF Walls | 480.00 SF Ceiling | 1,184.00 SF Walls and Ceiling |
|---|---|---|
| 480.00 SF Floor | 509.78 Total Area | 88.00 LF Floor Perimeter |
| 480.00 Floor Area | 90.67 Exterior Perimeter of Walls | 88.00 LF Ceil. Perimeter |
| 725.33 Exterior Wall Area | | 704.00 Interior Wall Area |

| **Total: Interior** | | | **7.37** | **548.50** |
|---|---|---|---|---|

Area Totals: Source - Eagle View

| 704.00 SF Walls | 480.00 SF Ceiling | 1,184.00 SF Walls and Ceiling |
|---|---|---|
| 480.00 SF Floor | 509.78 Total Area | 88.00 LF Floor Perimeter |
| 480.00 Floor Area | 90.67 Exterior Perimeter of Walls | 88.00 LF Ceil. Perimeter |
| 5,183.23 Exterior Wall Area | | 704.00 Interior Wall Area |
| 4,406.04 Surface Area | 44.06 Number of Squares | |
| 101.27 Total Ridge Length | | |

| **Total: Source - Eagle View** | | | **7.37** | **548.50** |
|---|---|---|---|---|

**Labor Minimums Applied**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 2. Drywall labor minimum | 1.00 EA | 140.91 | 0.00 | 140.91 |
| **Totals: Labor Minimums Applied** | | | **0.00** | **140.91** |

FIALA, BILL                                                                                                    42-32K7-09Z
    **Line Item Totals:  42-32K7-09Z**                                                  **7.37**          **689.41**

## Grand Total Areas:

| | | |
|---|---|---|
| 704.00 SF Walls | 480.00 SF Ceiling | 1,184.00 SF Walls and Ceiling |
| 480.00 SF Floor | | 88.00 LF Floor Perimeter |
| | | 88.00 LF Ceil. Perimeter |

| | | |
|---|---|---|
| 480.00 Floor Area | 509.78 Total Area | 704.00 Interior Wall Area |
| 5,183.23 Exterior Wall Area | 90.67 Exterior Perimeter of Walls | |

| | |
|---|---|
| 4,406.04 Surface Area | 44.06 Number of Squares |
| 101.27 Total Ridge Length | |

## Trade Summary
Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **DRY      DRYWALL** | | | | | |
| Drywall labor minimum | 1.00 EA | $140.91 | $140.91 | $0.00 | $0.00 |
| Drywall patch / small repair, ready for paint | 3.00 EA | $198.03 | $198.03 | $0.00 | $0.00 |
| **TOTAL DRYWALL** | | **$338.94** | **$338.94** | **$0.00** | **$0.00** |
| **PNT      PAINTING** | | | | | |
| Paint the ceiling - one coat | 480.00 SF | $312.97 | $312.97 | $0.00 | $0.00 |
| Seal/prime then paint the surface area (2 coats) | 40.00 SF | $37.50 | $37.50 | $0.00 | $0.00 |
| **TOTAL PAINTING** | | **$350.47** | **$350.47** | **$0.00** | **$0.00** |
| **TOTALS** | | **$689.41** | **$689.41** | **$0.00** | **$0.00** |

Note:  Slight variances may be found within report sections due to rounding

Date:     5/2/2022 1:25 PM



Kitchen

20' 8"

20'

24'

24' 8"

Interior





*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL.*

🐾 *StateFarm*®

May 6, 2022

Bill Fiala and Jacquelyn D Fiala
7707 Indian Springs Dr
Nashville TN 37221-1128

**State Farm Claims**
PO Box 106169
Atlanta GA 30348-6169

RE:   Claim Number:        42-32K7-09Z
      Date of Incident:      March 31, 2022
      Policy Number:        42B6P0230
      Insured:              Bill Fiala and Jacquelyn D Fiala

Dear Bill Fiala and Jacquelyn D Fiala:

Thank you for the opportunity to review your Homeowner claim. We have completed our evaluation of your claim and have determined your loss does not exceed your $8,070.00 deductible. Therefore, we are unable to make a payment on this claim. Please see the enclosed estimate of damages for your personal records.

If you have questions or need assistance, call us at (844) 458-4300  Ext. 9725416490.

Sincerely,

(for) April L Tolbert
External Claim Resource - Alacrity
(844) 458-4300  Ext. 9725416490
Fax: (844) 236-3646
statefarmfireclaims@statefarm.com
*For your protection, when emailing State Farm, please do not include sensitive personal information such as Social Security Number, credit/debit card number (financial account number), driver's license number, or health/medical information in an email. Please contact us at (844) 458-4300  Ext. 9725416490 to discuss sensitive information.*

State Farm Fire and Casualty Company

E-FILED
11/15/23 12:24 PM
11/15/2023 12:28 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

 Gmail

Jackie Fiala <jackiedfiala@gmail.com>

## 42-32K7-09Z

**Jackie Fiala** <jackiedfiala@gmail.com>                    Tue, Jun 21, 2022 at 11:07 AM
To: HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>

Hello Ms. Tolbert,

I have attached correspondence dated 6/21/22, an email from Mighty Dog Roofing summarizing the damage and discussing why the damage must be due to hail, a report with photographs of the hail damage completed by Mighty Dog Roofing, and an estimate of the costs to remedy the damage.

Kindly,
Jackie Fiala

On Wed, Jun 1, 2022 at 11:44 AM HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com> wrote:

> Kindest Regards,
>
> April Tolbert
> External Claim Resource – Alacrity
> State Farm Insurance Companies
> Ph: 844-458-4300 Ext 972-541-6490
> Fax: 844-236-3646
> statefarmfireclaims@statefarm.com

---------- Forwarded message ----------
From: Michael Leach <mleach@mightydogroofing.com>
To: "jackiedfiala@gmail.com" <jackiedfiala@gmail.com>
Cc:
Bcc:
Date: Mon, 6 Jun 2022 22:49:29 +0000
Subject: Roof Price (RCV)
**Please see attached.**

1. RCV for total replacement of roof covering.
    a. This does not include Warranty
    b. Insurance typically will not cover a warranty cost.
2. Report which shows clear images of (1") collateral on the skylights.
    a. These skylights are heavier gauge than typical flashings.
    b. This type of collateral is clear evidence hail impacted the residence.
    c. Being a heavier gauge metal; there is undoubtably damage to the roof covering.
3. We did observe what appears to be hail damage and may provide a report with test squares if that will suffice in lieu of a contracted adjuster.

Please let us know if you have any questions or concerns.

**Michael Leach**
Estimator
Mighty Dog of West Nashville
https://linktr.ee/mightydogroofingnashville
Office: (615) 375-3560
Mobile: (615) 490-5208
Email: MLEACH@mightydogroofing.com





**6 attachments**


**State Farm Roof 6_21_22.pdf**
44K


**Fiala_Hail_Evidence.pdf**
2910K

**Fiala_RCV.pdf**
136K

**Roof Price (RCV).eml**
4393K

**Fiala_Hail_Evidence.pdf**
2910K

**Fiala_RCV.pdf**
136K

William and Jacquelyne D. Fiala
7707 Indian Springs Drive
Nashville, Tennessee 37221
Ph: (615) 364-6251
    (615) 426-9891
Em: jackiedfiala@gmail.com
    williamfiala@gmail.com

June 21, 2022

**VIA EMAIL**
State Farm Claims
c/o April L. Tolbert
PO BOX 106169
Atlanta, GA 30348-6169
Em:  statefarmfireclaims@statefarm.com
Fax: (844) 236-3646

Dear Ms. Tolbert:

As you are aware, my husband and I have filed a claim for hail damage to the roof of our home (address above) that resulted in damage to the ceilings in the interior of our home.  State Farm's estimate for the interior repairs did not exceed our plan's deductible.  State Farm (mistakenly) concluded that there was no damage to the roof and therefore it would not cover our losses.

Following that notification, during a telephone conversation on June 1, 2022, I notified you of our intent to appeal State Farm's finding that there was no hail/wind damage to the roof, and you advised that I should submit a detailed estimate from my roofing contractor with a more thorough description of the damage.  I have enclosed the report and estimate from Mighty Dog Roofing for your consideration. Also enclosed are photographs taken by Mighty Dog Roofing the day after the loss occurred. As you will see, the report shows one-inch collateral near the skylights, which is particularly notable because our home's skylights are heavier gauge than what is typical for flashing.  The collateral is clear evidence that the damage was caused by hail impacts.  My contractor is happy to provide a report with test squares to further evidence the hail damage in lieu of a contracted adjuster, if amenable.

Please review the enclosures from Mighty Dog Roofing.  I trust that this information will assist State Farm as it further reviews the situation.

Kind regards,
Jackie Fiala

1. RCV for total replacement of roof covering.
   a. This does not include Warranty
   b. Insurance typically will not cover a warranty cost.
2. Report which shows clear images of (1") collateral on the skylights.
   a. These skylights are heavier gauge than typical flashings.
   b. This type of collateral is clear evidence hail impacted the residence.
   c. Being a heavier gauge metal; there is undoubtably damage to the roof cover
   3. We did observe what appears to be hail damage and may provide a report with te:

Please let us know if you have any questions or concerns.

**Michael Leach**

Estimator

Mighty Dog of West Nashville

https://linktr.ee/mightydogroofingnashville

Office: (615) 375-5054

Mobile: (615) 450-3701

Email: MLEACH@mightydogroofing.com



---

**2 Attachments** · Scanned by Gmail

 




**Photo Description:** Large (1") collateral observed at metal components.









Jackie Fiala



**Photo Description:** Large spatter observed on skylight

Jackie Fiala

Job Location: 7707 Indian Springs Drive Nashville, TN 37221

FIALA, BILL

42-32K7-09Z
*E-FILED*
*11/15/2023 12:28 F*
*CLERK & MASTER*
*DAVIDSON CO. CHANCERY CT.*



**State Farm**
**P.O. Box 106169**
**Atlanta, GA 30348-6169**
**Fax: 1-844-236-3646**
**statefarmfireclaims@statefarm.com**

# Structural Damage Claim Policy

This estimate is priced based on estimated market pricing for the cost of materials, labor, and other factors at the time of the loss.

Adjustments in market pricing and timing of the repairs may impact the final cost of covered repairs. Should you or the contractor you select have questions concerning our estimate, please contact us. If your contractor's estimate is higher than ours, you should contact us prior to beginning repairs. State Farm will work with you and your contractor to determine the actual and necessary cost of covered repairs at the time repairs will be completed, subject to policy terms, conditions and limits.

• We want you to receive quality repair work to restore the damages to your property.

• We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

• Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

• There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

• State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

• State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

• It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.

 **State Farm®**     # Building Estimate Summary Guide

**This summary guide is based on a sample estimate and is provided for reference only.**
**Please refer to the estimate for specifics of your claim.**

## State Farm Insurance

| | | | |
|---|---|---|---|
| Insured: | Smith, Joe & Jane | Estimate: | 00-0000-000 |
| Property: | 1 Main Street | Claim number: | 00-0000-000 |
| | Anywhere, IL 00000-0000 | Policy Number: | 00-00-0000-0 |
| Type of Loss: | Other | Price List: | ILBL8F_MAR 13 |
| Deductible: | $1,000.00 | | Restoration/Service/ |
| | | | Remodel |
| | | | F = Factored In, |
| | | | D = Do Not Apply |

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total 1 | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead 2 | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | |
| Replacement Cost Value (Including General Contractor Overhead and Profit) 3 | | | 7,326.12 |
| Less Depreciation (Including Taxes) 4 | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & | | | |
| Non - recoverable Depreciation | | | (166.50) |
| Less Deductible 5 | | | |
| Net Actual Cash Value Payment 6 | | | |

### Maximum Additional Amounts Available If Incurred:

| | |
|---|---|
| Total Line Item Depreciation (Including Taxes) 4 | 832.50 |
| Less Non - recoverable Depreciation (Including Taxes) 7 | |
| Subtotal | 312.50 |
| General Contractor O&P on Depreciation | 166.50 |
| Less General Contractor O&P on Non - recoverable Depreciation | |
| Subtotal | |
| Total Maximum Additional Amounts Available If Incurred 8 | |
| Total Amount of Claim If Incurred 9 | |

_____

Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

1. **Line Item Total** – Total value of all line items in the estimate plus possible adjustments for labor minimums. Labor Minimum is to cover a certain minimum number of hours for drive-time, set up time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit** – General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV)** – Estimated cost to repair or replace damaged property.

4. **Depreciation** – The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible** – The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV)** – The repair or replacement cost of the damaged part of the property less depreciation and deductible.

7. **Non Recoverable Depreciation** – Depreciation applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount if Incurred** – Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim if Incurred** – Total amount of the claim, including net actual cash value payment and total maximum additional amount available if incurred.

**State Farm**

| | | | |
|---|---|---|---|
| Insured: | FIALA, BILL | Estimate: | 42-32K7-09Z |
| Property: | 7707 INDIAN SPRINGS DR | Claim Number: | 4232K709Z |
| | NASHVILLE, TN 37221-1128 | Policy Number: | 42B6P0230 |
| Cellular: | 615-364-6251 | Price List: | TNNA28_APR22 |
| Type of Loss: | Wind Damage | | Restoration/Service/Remodel |
| Deductible: | $8,070.00 | | |
| Date of Loss: | 3/31/2022 | | |
| Date Inspected: | 4/24/2022 | | |

### Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 6,965.19 |
| Material Sales Tax | 348.12 |
| | |
| Replacement Cost Value | 7,313.31 |
| Less Deductible | (8,070.00) |
| | |
| Replacement Cost Value Total | (756.69) |
| Net Payment | $0.00 |

Tolbert, April
844-458-4300 x 9725416490
Kinsaul, Hunter

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

| | | |
|---|---|---|
| Insured: | FIALA, BILL | |
| Property: | 7707 INDIAN SPRINGS DR | |
| | NASHVILLE, TN 37221-1128 | |
| Cellular: | 615-364-6251 | |
| Type of Loss: | Wind Damage | |
| Deductible: | $0.00 | |
| Date of Loss: | 3/31/2022 | |
| Date Inspected: | 4/24/2022 | |

| | |
|---|---|
| Estimate: | 42-32K7-09Z |
| Claim Number: | 4232K709Z |
| Policy Number: | 42B6P0230 |
| Price List: | TNNA28_APR22 |
| | Restoration/Service/Remodel |

**Summary for Coverage A - Dwelling - 35 Windstorm and Hail - BC -
Code Upgrade**

| | |
|---|---|
| Line Item Total | 0.00 |
| Replacement Cost Value | 0.00 |
| Less Deductible | (0.00) |
| Net Payment | $0.00 |

Tolbert, April
844-458-4300 x 9725416490
Kinsaul, Hunter

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND
LIMITS OF YOUR POLICY.**

### Source - Eagle View

### Source - Eagle View



**Roof**

4,406.04  Surface Area

44.06  Number of Squares
101.27  Total Ridge Length

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 1.  Tear off, haul and dispose of comp. shingles - 3 tab | 7.04 SQ | 57.96 | 0.00 | 408.04 |
| 2.  3 tab - 25 yr. - composition shingle roofing - incl. felt | 8.33 SQ | 250.37 | 82.28 | 2,167.86 |
| 3.  Continuous ridge vent - shingle-over style | 43.00 LF | 8.74 | 13.36 | 389.18 |
| 4.  Ridge cap - composition shingles | 43.00 LF | 4.30 | 4.77 | 189.67 |
| 5.  Drip edge | 80.00 LF | | | PWARR |

This item did not previously exist or expands the scope of repairs, but is required by current building codes.

The following code upgrade item is paid when actually repaired or replaced. 80LF of Drip Edge @ $2.72 per LF = $225.74.

| | | | | |
|---|---|---|---|---|
| 6.  Roll roofing | 0.27 SQ | | | PWARR |

This item did not previously exist or expands the scope of repairs, but is required by current building codes.

The following code upgrade item is paid when actually repaired or replaced. .27 sq of Roll roofing @ $1.54 per LF = $104.67.

| | | | | |
|---|---|---|---|---|
| 7.  Asphalt starter - universal starter course | 80.00 LF | 1.89 | 3.63 | 154.83 |
| 8.  Flashing - pipe jack | 1.00 EA | 44.39 | 1.12 | 45.51 |
| 9.  Roof window (skylight), 9.1 - 10 sf | 3.00 EA | 928.61 | 227.60 | 3,013.43 |

| **Totals:  Roof** | | | **332.76** | **6,368.52** |
|---|---|---|---|---|

Area Totals:  Source - Eagle View

    4,457.90  Exterior Wall Area
    4,406.04  Surface Area         44.06  Number of Squares
      101.27  Total Ridge Length

| **Total:  Source - Eagle View** | | | **332.76** | **6,368.52** |
|---|---|---|---|---|

| Kitchen | | | Height: 8' |
|---|---|---|---|
| 704.00 SF Walls | | 480.00 SF Ceiling | |
| 1,184.00 SF Walls & Ceiling | | 480.00 SF Floor | |
| 88.00 LF Ceil. Perimeter | | 88.00 LF Floor Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 10. Drywall patch / small repair, ready for paint | 3.00 EA | 65.71 | 0.90 | 198.03 |
| 11. Seal/prime then paint the surface area (2 coats) | 40.00 SF | 0.92 | 0.70 | 37.50 |
| 12. Paint the ceiling - one coat | 480.00 SF | 0.64 | 5.77 | 312.97 |
| ***BEGIN REVISIONS BY APRIL TRIW 9/17/2022**** | | | | |
| 18. Detach & Reset Recessed light fixture - trim only | 2.00 EA | 3.53 | 0.00 | 7.06 |
| 20. Mask per square foot for drywall work | 480.00 SF | 0.22 | 2.66 | 108.26 |
| 21. Additional cost for high wall or ceiling - 11' to 14' | 1.00 SF | 0.05 | 0.00 | 0.05 |
| For cleaning the ceiling before the small drywall repair and the painting of ceiling. | | | | |
| 23. Additional cost for high wall or ceiling - 11' to 14' high | 40.00 SF | 0.59 | 0.00 | 23.60 |
| 24. Contents - move out then reset - Large room | 1.00 EA | 100.45 | 0.00 | 100.45 |
| 26. Floor protection - plastic and tape - 10 mil | 480.00 SF | 0.30 | 5.33 | 149.33 |
| ***END REVISIONS BY APRIL TRIW 9/17/2022**** | | | | |

| Totals: Kitchen | | | 15.36 | 937.25 |
|---|---|---|---|---|

Area Totals: Interior

| 704.00 SF Walls | 480.00 SF Ceiling | 1,184.00 SF Walls and Ceiling |
|---|---|---|
| 480.00 SF Floor | 509.78 Total Area | 88.00 LF Floor Perimeter |
| 480.00 Floor Area | 90.67 Exterior Perimeter of Walls | 88.00 LF Ceil. Perimeter |
| 725.33 Exterior Wall Area | | 704.00 Interior Wall Area |

| Total: Interior | | | 15.36 | 937.25 |
|---|---|---|---|---|

Area Totals: Source - Eagle View

| | | |
|---|---|---|
| 704.00 SF Walls | 480.00 SF Ceiling | 1,184.00 SF Walls and Ceiling |
| 480.00 SF Floor | 509.78 Total Area | 88.00 LF Floor Perimeter |
| 480.00 Floor Area | 90.67 Exterior Perimeter of Walls | 88.00 LF Ceil. Perimeter |
| 5,183.23 Exterior Wall Area | | 704.00 Interior Wall Area |
| 4,406.04 Surface Area | 44.06 Number of Squares | |
| 101.27 Total Ridge Length | | |

| | | |
|---|---|---|
| **Total: Source - Eagle View** | **348.12** | **7,305.77** |

**Debris Removal**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV |
|---|---|---|---|---|
| 13. Haul debris - per pickup truck load - including dump fees | 0.05 EA | 150.74 | 0.00 | 7.54 |

| | | |
|---|---|---|
| **Totals: Debris Removal** | **0.00** | **7.54** |

| | | |
|---|---|---|
| **Line Item Totals: 42-32K7-09Z** | **348.12** | **7,313.31** |

| COVERAGE | TAX | RCV |
|---|---|---|
| Coverage A - Dwelling - 35 Windstorm and Hail | 348.12 | 7,313.31 |
| Coverage A - Dwelling - 35 Windstorm and Hail - BC - Code Upgrade | 0.00 | 0.00 |
| Total | 348.12 | 7,313.31 |

**Grand Total Areas:**

| | | |
|---|---|---|
| 704.00 SF Walls | 480.00 SF Ceiling | 1,184.00 SF Walls and Ceiling |
| 480.00 SF Floor | | 88.00 LF Floor Perimeter |
| | | 88.00 LF Ceil. Perimeter |
| 480.00 Floor Area | 509.78 Total Area | 704.00 Interior Wall Area |
| 5,183.23 Exterior Wall Area | 90.67 Exterior Perimeter of Walls | |
| 4,406.04 Surface Area | 44.06 Number of Squares | |
| 101.27 Total Ridge Length | | |

Case 3:24-cv-00050    Document 1-1    Filed 01/17/24    Page 55 of 140 PageID #: 59

# Trade Summary

Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **CLN**     **CLEANING** | | | | | |
| Additional cost for high wall or ceiling - 11' to 14' | 1.00 SF | $0.05 | $0.05 | $0.00 | $0.00 |
| **TOTAL CLEANING** | | **$0.05** | **$0.05** | **$0.00** | **$0.00** |
| **CON**     **CONTENT MANIPULATION** | | | | | |
| Contents - move out then reset - Large room | 1.00 EA | $100.45 | $100.45 | $0.00 | $0.00 |
| **TOTAL CONTENT MANIPULATION** | | **$100.45** | **$100.45** | **$0.00** | **$0.00** |
| **DMO**     **GENERAL DEMOLITION** | | | | | |
| Haul debris - per pickup truck load - including dump fees | 0.05 EA | $7.54 | $7.54 | $0.00 | $0.00 |
| **TOTAL GENERAL DEMOLITION** | | **$7.54** | **$7.54** | **$0.00** | **$0.00** |
| **DRY**     **DRYWALL** | | | | | |
| Additional cost for high wall or ceiling - 11' to 14' high | 40.00 SF | $23.60 | $23.60 | $0.00 | $0.00 |
| Mask per square foot for drywall work | 480.00 SF | $108.26 | $108.26 | $0.00 | $0.00 |
| Drywall patch / small repair, ready for paint | 3.00 EA | $198.03 | $198.03 | $0.00 | $0.00 |
| **TOTAL DRYWALL** | | **$329.89** | **$329.89** | **$0.00** | **$0.00** |
| **LIT**     **LIGHT FIXTURES** | | | | | |
| Detach & Reset Recessed light fixture - trim only | 2.00 EA | $7.06 | $7.06 | $0.00 | $0.00 |
| **TOTAL LIGHT FIXTURES** | | **$7.06** | **$7.06** | **$0.00** | **$0.00** |
| **PNT**     **PAINTING** | | | | | |
| Floor protection - plastic and tape - 10 mil | 480.00 SF | $149.33 | $149.33 | $0.00 | $0.00 |
| Paint the ceiling - one coat | 480.00 SF | $312.97 | $312.97 | $0.00 | $0.00 |
| Seal/prime then paint the surface area (2 coats) | 40.00 SF | $37.50 | $37.50 | $0.00 | $0.00 |
| **TOTAL PAINTING** | | **$499.80** | **$499.80** | **$0.00** | **$0.00** |
| **RFG**     **ROOFING** | | | | | |
| 3 tab - 25 yr. - composition shingle roofing - incl. felt | 8.33 SQ | $2,167.86 | $2,167.86 | $0.00 | $0.00 |
| Tear off, haul and dispose of comp. shingles - 3 tab | 7.04 SQ | $408.04 | $408.04 | $0.00 | $0.00 |
| Asphalt starter - universal starter course | 80.00 LF | $154.83 | $154.83 | $0.00 | $0.00 |
| Drip edge | 80.00 LF | $0.00 | $0.00 | $0.00 | $0.00 |
| Flashing - pipe jack | 1.00 EA | $45.51 | $45.51 | $0.00 | $0.00 |

Note: Slight variances may be found within report sections due to rounding

## Trade Summary

Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **RFG     ROOFING** | | | | | |
| Ridge cap - composition shingles | 43.00 LF | $189.67 | $189.67 | $0.00 | $0.00 |
| Roll roofing | 0.27 SQ | $0.00 | $0.00 | $0.00 | $0.00 |
| Continuous ridge vent - shingle-over style | 43.00 LF | $389.18 | $389.18 | $0.00 | $0.00 |
| **TOTAL ROOFING** | | **$3,355.09** | **$3,355.09** | **$0.00** | **$0.00** |
| **WDS     WINDOWS - SKYLIGHTS** | | | | | |
| Roof window (skylight), 9.1 - 10 sf | 3.00 EA | $3,013.43 | $3,013.43 | $0.00 | $0.00 |
| **TOTAL WINDOWS - SKYLIGHTS** | | **$3,013.43** | **$3,013.43** | **$0.00** | **$0.00** |
| **TOTALS** | | **$7,313.31** | **$7,313.31** | **$0.00** | **$0.00** |

Note:  Slight variances may be found within report sections due to rounding

Date:    9/17/2022 11:49 AM



Kitchen

20' 8"

20'

24' 8"

24'



Interior



R7 (5)
F7

R2 (1)
Roof
R9 (7)
F9
F13(B)
F10(B)
F12(A)

R8 (4)
R6 (2)
F1(A)
F2(B)

R11 (3)

R1 (6)



11/15/23, 11:30 AM
*E-FILED*
*11/15/2023 12:28 PM*
*CLERK & MASTER*
*DAVIDSON CO. CHANCERY CT.*





Jackie Fiala <jackiedfiala@gmail.com>

# RE: 42-32K7-09Z

---

**Supplements** <supplements@mightydogroofing.com>          Tue, Sep 20, 2022 at 1:31 PM
To: HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>
Cc: "jackiedfiala@gmail.com" <jackiedfiala@gmail.com>, Michael Leach <mleach@mightydogroofing.com>

Claim Number 42-32K7-09Z

Homeowner Jackie Fiala

Good afternoon,

Thank you for providing a copy of your updated estimate, it is appreciated. It is our understanding that State Farm is covering 7.04 SQ of shingles to be repaired. Please advise which shingles on the home are being covered for this repair. If you have any questions, please do not hesitate to contact us.

Thank you,

Adelaïde O.

Mighty Dog Roofing

---

**From:** HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>
**Sent:** Tuesday, September 20, 2022 9:01 AM
**To:** Supplements <supplements@mightydogroofing.com>
**Cc:** DF - FIRE - Drop File Document <DF-FIRE-CL@internal.statefarm.com>
**Subject:** [External] 42-32K7-09Z

Please see our insureds attached State Farm Estimate

 Gmail

Jackie Fiala <jackiedfiala@gmail.com>

# RE: 42-32K7-09Z

---

**Supplements** <supplements@mightydogroofing.com>　　　　　　　　Tue, Sep 27, 2022 at 8:31 AM
To: Supplements <supplements@mightydogroofing.com>, HOME CLMS-FIRECLAIMS
<statefarmfireclaims@statefarm.com>
Cc: "jackiedfiala@gmail.com" <jackiedfiala@gmail.com>, Michael Leach <mleach@mightydogroofing.com>

Good morning,

Just following up to ensure that you have received our email below. Please advise when you have an opportunity
which shingles on the home the 7.04 sq repair covers.

Thank you,

Jacob H.

---

**From:** Supplements <supplements@mightydogroofing.com>
**Sent:** Tuesday, September 20, 2022 1:32 PM
**To:** HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>
**Cc:** jackiedfiala@gmail.com; Michael Leach <mleach@mightydogroofing.com>
**Subject:** RE: 42-32K7-09Z

Claim Number 42-32K7-09Z

Homeowner Jackie Fiala

Good afternoon,

Thank you for providing a copy of your updated estimate, it is appreciated. It is our understanding that State Farm is
covering 7.04 SQ of shingles to be repaired. Please advise which shingles on the home are being covered for this
repair. If you have any questions, please do not hesitate to contact us.

Thank you,

Adelaide O.

Mighty Dog Roofing

**From:** HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>
**Sent:** Tuesday, September 20, 2022 9:01 AM
**To:** Supplements <supplements@mightydogroofing.com>
**Cc:** DF - FIRE - Drop File Document <DF-FIRE-CL@internal.statefarm.com>
**Subject:** [External] 42-32K7-09Z

Please see our insureds attached State Farm Estimate

 Gmail

Jackie Fiala <jackiedfiala@gmail.com>

# RE: 42-32K7-09Z

**Jackie Fiala** <jackiedfiala@gmail.com>                                     Tue, Sep 27, 2022 at 9:52 AM
To: Supplements <supplements@mightydogroofing.com>
Cc: HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>, Michael Leach <mleach@mightydogroofing.com>

Good Morning,

Thank you for your work on our claim and your emails. I have been unable to see any written estimate for the work to the roof. I have only received the estimated cost in a voicemail. Have you received one? If so, could you please forward to me for my records.

I appreciate that insurance is willing to repair 7.04 square feet of our roof; however, it is my understanding that it is a violation of Davidson County Building Codes to repair a double layer shingle roof. Indeed complete replacement, and not repairs, are the only compliant fix for a roof that has a double layer of shingles, as ours does. As you may already be aware, Section 16.08.010 of the Metropolitan Nashville Building Code adopts by reference the 2018 edition of the International Building Code. Section 16.08.010 is attached for reference. Section 15.11.3.1.1 of the 2018 edition of the International Building Code sets forth exceptions where a roof repair is impermissible. Subsection 15.11.3.1.1(3) specially prohibits repairs to roofs "[w]here the existing roof has two or more applications of any type of roof covering." The 2018 edition of the International Building Code can be accessed by this link, https://codes.iccsafe. org/content/IBC2018P6/chapter-15-roof-assemblies-and-rooftop-structures#IBC2018P6_Ch15_Sec1511.3.1.

Seeing that my roof has two applications of roof covering - it is a double-layer shingle roof - it falls under the exception set forth in Section 15.11.3.1.1(3) and a repair would be in violation of the Building Code. Please let me know the next steps to take with the insurance company. We are prepared to file a declaratory judgment action in state court, if necessary.

Kind regards,
Jackie Fiala
615-364-6251

On Tue, Sep 27, 2022 at 8:31 AM Supplements <supplements@mightydogroofing.com> wrote:

> Good morning,
>
>
> Just following up to ensure that you have received our email below. Please advise when you have an opportunity which shingles on the home the 7.04 sq repair covers.
>
>
> Thank you,
>
> Jacob H.
>
>
> **From:** Supplements <supplements@mightydogroofing.com>
> **Sent:** Tuesday, September 20, 2022 1:32 PM

**To:** HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>
**Cc:** jackiedfiala@gmail.com; Michael Leach <mleach@mightydogroofing.com>
**Subject:** RE: 42-32K7-09Z

Claim Number 42-32K7-09Z

Homeowner Jackie Fiala

Good afternoon,

Thank you for providing a copy of your updated estimate, it is appreciated. It is our understanding that State Farm is covering 7.04 SQ of shingles to be repaired. Please advise which shingles on the home are being covered for this repair. If you have any questions, please do not hesitate to contact us.

Thank you,

Adelaide O.

Mighty Dog Roofing

**From:** HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>
**Sent:** Tuesday, September 20, 2022 9:01 AM
**To:** Supplements <supplements@mightydogroofing.com>
**Cc:** DF - FIRE - Drop File Document <DF-FIRE-CL@internal.statefarm.com>
**Subject:** [External] 42-32K7-09Z

Please see our insureds attached State Farm Estimate

**Section 16.08.010.pdf**
19K

## 16.08.010 - Adoption by reference.

The following sections and appendices are adopted and incorporated into this chapter as the technical section of the building code of the metropolitan government, by reference, as fully as though copied into this code, except as have been or may be hereafter amended herein:

A. 2018 Edition of the International Building Code, including Appendices C & D of the International Building Code, as published by the International Code Council.

B. 2017 Edition of the International ICC/ANSI A117.1 Accessible and Usable Buildings and Facilities.

C. 2018 International Residential Code for One- and Two-Family Dwellings published by the International Code Council, as amended in this chapter, and Appendices E, F, G, H, and M of the International Residential Code for One- and Two-Family Dwellings.

D. 2018 Edition of the International Energy Conservation Code published by the International Code Council, as amended in this chapter.

(Amdt. 1 to Ord. BL2020-458 § 1, 2020; Ord. BL2020-458 § 1, 2020; Ord. BL2015-1145 § 6, 2015; Ord. BL2007-1390 §§ 6, 8, 2007; Ord. BL2007-1373 § 1, 2007; Ord. BL2005-796 § 3, 2005; Ord. BL2002-1142 §§ 12, 13, 2002; Ord. BL2001-703 § 1, 2001; Ord. 98-1445 §§ 22, 23, 1998; Ord. 96-562 §§ 1, 2, 1996; Ord. 95-1487 §§ 1, 2, 3, 1995; Ord. 93-843 § 1, 1994; Ord. 92-118 §§ 1, 2, 1992; Ord. 89-1003 § 1, 1989; prior code § 11-1-29)

E-FILED
11/15/2023 12:28 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

 Gmail

Jackie Fiala <jackiedfiala@gmail.com>

---

## 42-32K7-09Z

---

**Jackie Fiala** <jackiedfiala@gmail.com>                                    Fri, Sep 30, 2022 at 11:27 AM
To: HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>
Cc: Michael Leach <mleach@mightydogroofing.com>, Supplements <supplements@mightydogroofing.com>

Good Morning Ms. Tolbert,

I am writing to one again follow up on our insurance claim for the damage to the interior and the roof.  I would like to know the status of my claim. Given the convoluted history of this claim, here is a brief history to refresh your recollection.

I filed the claim under my homeowner's policy on April 6, 2022 when water began leaking through our roof.  Two adjusters came to our home in the spring of 2022, one to estimate the interior damage and another to estimate the damage to the roof.  State Farm estimated the interior damage alone to cost $7,380.59.  The roof adjuster came to the house on April 24, 2022 and wrongfully determined that there was no damage to the roof.  I received correspondence from State Farm dated May 6, 2022 stating that the damage did not exceed our deductible.  You and I spoke on the phone on or around June 1, 2022 regarding the May 6 correspondence.  I informed you that my roofing contractor, Mighty Dog Roofing, had photographs evidencing the storm damage to the roof.  On June 21, 2022, I emailed you the photographs, and an estimate of the costs to remedy the roof damage.  Upon receiving the documentation from Mighty Dog Roofing, State Farm sent a second roof adjustor, Vic, to our property on or around July 27, 2022.  After viewing the roof, Vic from State Farm left me a voicemail dated July 27, 2022 stating that he completed the estimate and the roof damage would cost $6,924.06 to remedy.  Vic further (incorrectly) stated in the voicemail that the loss was still below our deductible.

I returned Vic's call the same day, and left a voicemail informing him that the loss exceeded the deductible given the interior and exterior damage.  Indeed, the policy documents provide that "deductibles are applied per occurrence."  The policy defines "occurance" to mean "an accident . . . , which results in . . . (b) property damage."  The policy further explains that "[a]ll bodily injury or property damages resulting from one accident, series of related accidents, or from continuous or repeated exposure to the same general conditions **is considered to be one occurrence.** "  (Emphasis added).  Neither Vic nor anyone else from State Farm returned my call.  I did not receive a written estimate for the roof damage.  I have a copy of the voicemail from Vic I am happy to share with you.

On or around August 30, 2022, I called State Farm asking to speak to you about the same issue, but you were unavailable.  I updated the State Farm agent that assisted me informing him that our deductible is $8,070.00 and, according to State Farm's estimates, the losses would cost a total of $14,304.65 - **$6,234.65 above our deductible.**  Though the agent with whom I spoke assured me that you would return my call within 24 hours, you did not.  Mighty Dog's Supplements team sent you additional photographs and information regarding the damage in September 2022.

On September 17, 2022, State Farm uploaded a revised estimate.  The September 17 estimate provides that State Farm would replace 7.04 square feet of roofing at an estimated all-inclusive cost of $6,368.52.  The written estimate for the exterior damage costs is $555.54 lower than the figure Vic provided in his July 27 voicemail. The September 17 estimate states the cost to remedy the interior damage is $7313.31, which is curiously $67.28 below the estimate for the same interior damage provided by State Farm in Spring 2022.  Pursuant to the policy documents and the definition of "occurrence", the interior and exterior damage costs, which all resulted from the same storm event, should be added together.  The September 17 estimate fails to do so.  Indeed, pursuant to the September 17 estimate, the total cost to remedy the damage is $13,681.83, which is $5,611.83 above our deductible. However, if the loss is computed using the first set of estimates ($7380.59 for the interior damage from the Spring 2022 estimate and $6,924.06 from Vic's July 27 voicemail for the roof damage), the total loss for this occurrence is $14,304.65 - **$6,234.65 above our deductible.**

Still, one further issue we must take into consideration concerns State Farm's proposed roof repair and the applicable building codes. Davidson County Building Codes does not permit repairs to double-layer shingle roofs. Indeed complete replacement, and not repairs, are the only compliant fix for a roof that has a double layer of shingles, as ours does. As you may already be aware, Section 16.08.010 of the Metropolitan Nashville Building Code adopts by reference the 2018 edition of the International Building Code. Section 16.08.010 is attached for reference. Section 15.11.3.1.1 of the 2018 edition of the International Building Code sets forth exceptions where a roof repair is impermissible. Subsection 15.11.3.1.1(3) specially prohibits repairs to roofs "[w]here the existing roof has two or more applications of any type of roof covering." The 2018 edition of the International Building Code can be accessed by this link, https://codes.iccsafe.org/content/IBC2018P6/chapter-15-roof-assemblies-and-rooftop-structures#IBC2018P6_Ch15_Sec1511.3.1.

Seeing that my roof has two applications of roof covering - it is a double-layer shingle roof - it falls under the exception set forth in Section 15.11.3.1.1(3) and a repair would be in violation of the Building Code. Therefore, State Farm's proposal to replace 7.04 square feet of shingles would violate the applicable building codes.

This claim has been pending for six months, and the delay is largely attributed to State Farm. In the interest of moving this claim forward such that the repairs can be completed by State Farm's two-year after loss deadline, I would like to escalate this matter to management moving forward. I am hopeful that we can work together to reach an amicable solution that complies with all applicable building code sections. My husband and I have been loyal State Farm customers with numerous policies for more than 30 years with almost no claims. Now, we need the help and insurance we have been purchasing for decades and feel abandoned, unimportant, and that we are being given the runaround. I am happy to schedule a telephone call to further discuss any of the issues set forth herein.

Kind regards,
Jackie Fiala
615-364-6251

On Tue, Jun 21, 2022 at 11:07 AM Jackie Fiala <jackiedfiala@gmail.com> wrote:
> Hello Ms. Tolbert,
>
> I have attached correspondence dated 6/21/22, an email from Mighty Dog Roofing summarizing the damage and discussing why the damage must be due to hail, a report with photographs of the hail damage completed by Mighty Dog Roofing, and an estimate of the costs to remedy the damage.
>
> Kindly,
> Jackie Fiala
>
> On Wed, Jun 1, 2022 at 11:44 AM HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com> wrote:
>>
>> Kindest Regards,
>>
>> April Tolbert
>> External Claim Resource – Alacrity
>> State Farm Insurance Companies
>> Ph: 844-458-4300 Ext 972-541-6490
>> Fax: 844-236-3646
>> statefarmfireclaims@statefarm.com

 **Section 16.08.010.pdf**
19K

Case 3:24-cv-00050    Document 1-1    Filed 01/17/24    Page 67 of 140 PageID #: 71

E-FILED
11/15/2023 12:28 PI
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

 Gmail

Jackie Fiala <jackiedfiala@gmail.com>

---

## 42-32K7-09Z

---

**Jackie Fiala** <jackiedfiala@gmail.com>                                              Tue, Oct 18, 2022 at 8:40 AM
To: HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>
Cc: Michael Leach <mleach@mightydogroofing.com>, Supplements <supplements@mightydogroofing.com>

Ms. Tolbert,

I still have not received a written response to my above email, as you promised over the phone.  Please elevate my claim to your supervisor.  My time period to complete the repairs is rapidly approaching, and I am tired of waiting weeks for responses.

I do not want to communicate via telephone on this claim.  All further communications should be in writing.

Kind regards,
Jackie Fiala

On Fri, Sep 30, 2022 at 11:27 AM Jackie Fiala <jackiedfiala@gmail.com> wrote:
> Good Morning Ms. Tolbert,
>
> I am writing to one again follow up on our insurance claim for the damage to the interior and the roof.  I would like to know the status of my claim. Given the convoluted history of this claim, here is a brief history to refresh your recollection.
>
> I filed the claim under my homeowner's policy on April 6, 2022 when water began leaking through our roof.  Two adjusters came to our home in the spring of 2022, one to estimate the interior damage and another to estimate the damage to the roof.  State Farm estimated the interior damage alone to cost $7,380.59.  The roof adjuster came to the house on April 24, 2022 and wrongfully determined that there was no damage to the roof.  I received correspondence from State Farm dated May 6, 2022 stating that the damage did not exceed our deductible.  You and I spoke on the phone on or around June 1, 2022 regarding the May 6 correspondence.  I informed you that my roofing contractor, Mighty Dog Roofing, had photographs evidencing the storm damage to the roof.  On June 21, 2022, I emailed you the photographs, and an estimate of the costs to remedy the roof damage.  Upon receiving the documentation from Mighty Dog Roofing, State Farm sent a second roof adjustor, Vic, to our property on or around July 27, 2022.  After viewing the roof, Vic from State Farm left me a voicemail dated July 27, 2022 stating that he completed the estimate and the roof damage would cost $6,924.06 to remedy.  Vic further (incorrectly) stated in the voicemail that the loss was still below our deductible.
>
> I returned Vic's call the same day, and left a voicemail informing him that the loss exceeded the deductible given the interior and exterior damage.  Indeed, the policy documents provide that "deductibles are applied per occurrence."  The policy defines "occurance" to mean "an accident . . . , which results in . . . (b) property damage." The policy further explains that "[a]ll bodily injury or property damages resulting from one accident, series of related accidents, or from continuous or repeated exposure to the same general conditions **is considered to be one occurrence.** " (Emphasis added).  Neither Vic nor anyone else from State Farm returned my call.  I did not receive a written estimate for the roof damage.  I have a copy of the voicemail from Vic I am happy to share with you.
>
> On or around August 30, 2022, I called State Farm asking to speak to you about the same issue, but you were unavailable.  I updated the State Farm agent that assisted me informing him that our deductible is $8,070.00 and, according to State Farm's estimates, the losses would cost a total of $14,304.65 - **$6,234.65 <u>above</u> our deductible.**  Though the agent with whom I spoke assured me that you would return my call within 24 hours, you did not.  Mighty Dog's Supplements team sent you additional photographs and information regarding the damage in September 2022.

On September 17, 2022, State Farm uploaded a revised estimate. The September 17 estimate provides that State Farm would replace 7.04 square feet of roofing at an estimated all-inclusive cost of $6,368.52. The written estimate for the exterior damage costs is $555.54 <u>lower</u> than the figure Vic provided in his July 27 voicemail. The September 17 estimate states the cost to remedy the interior damage is $7313.31, which is curiously $67.28 <u>below</u> the estimate for the same interior damage provided by State Farm in Spring 2022. Pursuant to the policy documents and the definition of "occurrence", the interior and exterior damage costs, which all resulted from the same storm event, should be added together. The September 17 estimate fails to do so. Indeed, pursuant to the September 17 estimate, the total cost to remedy the damage is $13,681.83, which is $5,611.83 above our deductible. However, if the loss is computed using the first set of estimates ($7380.59 for the interior damage from the Spring 2022 estimate and $6,924.06 from Vic's July 27 voicemail for the roof damage), the total loss for this occurrence is $14,304.65 - **$6,234.65 <u>above</u> our deductible.**

Still, one further issue we must take into consideration concerns State Farm's proposed roof repair and the applicable building codes. Davidson County Building Codes does not permit repairs to double-layer shingle roofs. Indeed complete replacement, and not repairs, are the only compliant fix for a roof that has a double layer of shingles, as ours does. As you may already be aware, Section 16.08.010 of the Metropolitan Nashville Building Code adopts by reference the 2018 edition of the International Building Code. Section 16.08.010 is attached for reference. Section 15.11.3.1.1 of the 2018 edition of the International Building Code sets forth exceptions where a roof repair is impermissible. Subsection 15.11.3.1.1(3) specially prohibits repairs to roofs "[w]here the existing roof has two or more applications of any type of roof covering." The 2018 edition of the International Building Code can be accessed by this link, https://codes.iccsafe.org/content/IBC2018P6/chapter-15-roof-assemblies-and-rooftop-structures#IBC2018P6_Ch15_Sec1511.3.1.

Seeing that my roof has two applications of roof covering - it is a double-layer shingle roof - it falls under the exception set forth in Section 15.11.3.1.1(3) and a repair would be in violation of the Building Code. Therefore, State Farm's proposal to replace 7.04 square feet of shingles would violate the applicable building codes.

This claim has been pending for six months, and the delay is largely attributed to State Farm. In the interest of moving this claim forward such that the repairs can be completed by State Farm's two-year after loss deadline, I would like to escalate this matter to management moving forward. I am hopeful that we can work together to reach an amicable solution that complies with all applicable building code sections. My husband and I have been loyal State Farm customers with numerous policies for more than 30 years with almost no claims. Now, we need the help and insurance we have been purchasing for decades and feel abandoned, unimportant, and that we are being given the runaround. I am happy to schedule a telephone call to further discuss any of the issues set forth herein.

Kind regards,
Jackie Fiala
615-364-6251


On Tue, Jun 21, 2022 at 11:07 AM Jackie Fiala <jackiedfiala@gmail.com> wrote:
> Hello Ms. Tolbert,
>
> I have attached correspondence dated 6/21/22, an email from Mighty Dog Roofing summarizing the damage and discussing why the damage must be due to hail, a report with photographs of the hail damage completed by Mighty Dog Roofing, and an estimate of the costs to remedy the damage.
>
> Kindly,
> Jackie Fiala
>
> On Wed, Jun 1, 2022 at 11:44 AM HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com> wrote:
>>
>> Kindest Regards,

Case 3:24-cv-00050    Document 1-1    Filed 01/17/24    Page 69 of 140 PageID #: 73

April Tolbert
External Claim Resource – Alacrity
State Farm Insurance Companies
Ph: 844-458-4300 Ext 972-541-6490
Fax: 844-236-3646
statefarmfireclaims@statefarm.com

9/15/23, 9:51 AM
E-FILED
11/15/2023 12:28 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

 Gmail

Jackie Fiala <jackiedfiala@gmail.com>

## Re: 42-32K7-09Z

**Jackie Fiala** <jackiedfiala@gmail.com>                          Wed, Oct 19, 2022 at 4:25 PM
To: HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>

As we discussed in the spring of this year when I had not received certain correspondence, that is no longer my contact information. You and I have been communicating through this email address for months, and my initial email originated from this email address.

The delays caused by State Farm are accumulating such that the damage on the interior of the home is worsening. When can I expect an email from management?

On Wed, Oct 19, 2022 at 3:30 PM HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com> wrote:
> Hi Jackie,
>
> Please find attached the original email response sent to you on October 1, 2022 addressing your concerns. If appears that the letter was sent to the email address JACKIE.GARFIELD@WALLERLAW.COM. Per your request, I have forwarded the claim to management to make contact with you.
>
> Kindest Regards,
>
> April Tolbert
> External Claim Resource – Alacrity
> State Farm Insurance Companies
> Ph: 844-458-4300 Ext 972-541-6490
> Fax: 844-236-3646
> statefarmfireclaims@statefarm.com

 Gmail

Jackie Fiala <jackiedfiala@gmail.com>

---

## Fiala Roof Claim

---

**Jackie Fiala** <jackiedfiala@gmail.com>                                    Thu, Mar 2, 2023 at 12:28 PM
To: "marty.luffman.bwmi@statefarm.com" <marty.luffman.bwmi@statefarm.com>

Hi Marty,

I've attached my most recent email, which summarizes the situation generally.

Also, my roofer believes my shingles are discontinued.  As Tennessee is a matching state, that means the approved repairs to the roof would need to be done as a replacement so all the new shingles would match.  See below TN code:

"0780-01-05-.10 STANDARDS FOR PROMPT, FAIR AND EQUITABLE SETTLEMENTS APPLICABLE
TO FIRE AND EXTENDED COVERAGE TYPE POLICIES WITH REPLACEMENT COST COVERAGE.
(1) When the policy provides for the adjustment and settlement of first party losses based on
replacement cost, the following shall apply:
(a) When a loss requires repair or replacement of an item or part, any consequential
physical damage incurred in making such repair or replacement not otherwise excluded
by the policy, shall be included in the loss. The insured shall not have to pay for any
cost except for betterment and any applicable deductible under the policy.
(b) When a loss requires replacement of items and the replaced items do not match in
quality, color or size, the insurer shall replace items so as to conform to a reasonably
uniform appearance according to the applicable policy provisions. This applies to
interior and exterior losses. The insured shall not bear any cost over the applicable
deductible, if any."

Please let me know next steps.

Thanks for your assistance,
Jackie Fiala

---------- Forwarded message ----------
From: Jackie Fiala <jackiedfiala@gmail.com>
To: HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>
Cc: Michael Leach <mleach@mightydogroofing.com>, Supplements <supplements@mightydogroofing.com>
Bcc:
Date: Tue, 18 Oct 2022 08:40:05 -0500
Subject: Re: 42-32K7-09Z
Ms. Tolbert,

I still have not received a written response to my above email, as you promised over the phone.  Please elevate my claim to your supervisor.  My time period to complete the repairs is rapidly approaching, and I am tired of waiting weeks for responses.

I do not want to communicate via telephone on this claim.  All further communications should be in writing.

Kind regards,
Jackie Fiala

On Fri, Sep 30, 2022 at 11:27 AM Jackie Fiala <jackiedfiala@gmail.com> wrote:
Good Morning Ms. Tolbert,

I am writing to one again follow up on our insurance claim for the damage to the interior and the roof. I would like to know the status of my claim. Given the convoluted history of this claim, here is a brief history to refresh your recollection.

I filed the claim under my homeowner's policy on April 6, 2022 when water began leaking through our roof. Two adjusters came to our home in the spring of 2022, one to estimate the interior damage and another to estimate the damage to the roof. State Farm estimated the interior damage alone to cost $7,380.59. The roof adjuster came to the house on April 24, 2022 and wrongfully determined that there was no damage to the roof. I received correspondence from State Farm dated May 6, 2022 stating that the damage did not exceed our deductible. You and I spoke on the phone on or around June 1, 2022 regarding the May 6 correspondence. I informed you that my roofing contractor, Mighty Dog Roofing, had photographs evidencing the storm damage to the roof. On June 21, 2022, I emailed you the photographs, and an estimate of the costs to remedy the roof damage. Upon receiving the documentation from Mighty Dog Roofing, State Farm sent a second roof adjustor, Vic, to our property on or around July 27, 2022. After viewing the roof, Vic from State Farm left me a voicemail dated July 27, 2022 stating that he completed the estimate and the roof damage would cost $6,924.06 to remedy. Vic further (incorrectly) stated in the voicemail that the loss was still below our deductible.

I returned Vic's call the same day, and left a voicemail informing him that the loss exceeded the deductible given the interior and exterior damage. Indeed, the policy documents provide that "deductibles are applied per occurrence." The policy defines "occurance" to mean "an accident . . . , which results in . . . (b) property damage." The policy further explains that "[a]ll bodily injury or property damages resulting from one accident, series of related accidents, or from continuous or repeated exposure to the same general conditions **is considered to be one occurrence.** " (Emphasis added). Neither Vic nor anyone else from State Farm returned my call. I did not receive a written estimate for the roof damage. I have a copy of the voicemail from Vic I am happy to share with you.

On or around August 30, 2022, I called State Farm asking to speak to you about the same issue, but you were unavailable. I updated the State Farm agent that assisted me informing him that our deductible is $8,070.00 and, according to State Farm's estimates, the losses would cost a total of $14,304.65 - **$6,234.65 above our deductible.** Though the agent with whom I spoke assured me that you would return my call within 24 hours, you did not. Mighty Dog's Supplements team sent you additional photographs and information regarding the damage in September 2022.

On September 17, 2022, State Farm uploaded a revised estimate. The September 17 estimate provides that State Farm would replace 7.04 square feet of roofing at an estimated all-inclusive cost of $6,368.52. The written estimate for the exterior damage costs is $555.54 lower than the figure Vic provided in his July 27 voicemail. The September 17 estimate states the cost to remedy the interior damage is $7313.31, which is curiously $67.28 below the estimate for the same interior damage provided by State Farm in Spring 2022. Pursuant to the policy documents and the definition of "occurrence", the interior and exterior damage costs, which all resulted from the same storm event, should be added together. The September 17 estimate fails to do so. Indeed, pursuant to the September 17 estimate, the total cost to remedy the damage is $13,681.83, which is $5,611.83 above our deductible. However, if the loss is computed using the first set of estimates ($7380.59 for the interior damage from the Spring 2022 estimate and $6,924.06 from Vic's July 27 voicemail for the roof damage), the total loss for this occurrence is $14,304.65 - **$6,234.65 above our deductible.**

Still, one further issue we must take into consideration concerns State Farm's proposed roof repair and the applicable building codes. Davidson County Building Codes does not permit repairs to double-layer shingle roofs. Indeed complete replacement, and not repairs, are the only compliant fix for a roof that has a double layer of shingles, as ours does. As you may already be aware, Section 16.08.010 of the Metropolitan Nashville Building Code adopts by reference the 2018 edition of the International Building Code. Section 16.08.010 is attached for reference. Section 15.11.3.1.1 of the 2018 edition of the International Building Code sets forth exceptions where a roof repair is impermissible. Subsection 15.11.3.1.1(3) specially prohibits repairs to roofs "[w]here the existing roof has two or more applications of any type of roof covering." The 2018 edition of the International Building Code can be accessed by this link, https://codes.iccsafe.org/content/IBC2018P6/chapter-15-roof-assemblies-and-rooftop-structures#IBC2018P6_Ch15_Sec1511.3.1.

Case 3:24-cv-00050 Document 1-1 Filed 01/17/24 Page 73 of 140 PageID #: 77

Seeing that my roof has two applications of roof covering - it is a double-layer shingle roof - it falls under the exception set forth in Section 15.11.3.1.1(3) and a repair would be in violation of the Building Code. Therefore, State Farm's proposal to replace 7.04 square feet of shingles would violate the applicable building codes.

This claim has been pending for six months, and the delay is largely attributed to State Farm. In the interest of moving this claim forward such that the repairs can be completed by State Farm's two-year after loss deadline, I would like to escalate this matter to management moving forward. I am hopeful that we can work together to reach an amicable solution that complies with all applicable building code sections. My husband and I have been loyal State Farm customers with numerous policies for more than 30 years with almost no claims. Now, we need the help and insurance we have been purchasing for decades and feel abandoned, unimportant, and that we are being given the runaround. I am happy to schedule a telephone call to further discuss any of the issues set forth herein.

Kind regards,
Jackie Fiala
615-364-6251

On Tue, Jun 21, 2022 at 11:07 AM Jackie Fiala <jackiedfiala@gmail.com> wrote:
Hello Ms. Tolbert,

I have attached correspondence dated 6/21/22, an email from Mighty Dog Roofing summarizing the damage and discussing why the damage must be due to hail, a report with photographs of the hail damage completed by Mighty Dog Roofing, and an estimate of the costs to remedy the damage.

Kindly,
Jackie Fiala

On Wed, Jun 1, 2022 at 11:44 AM HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com> wrote:

Kindest Regards,

April Tolbert
External Claim Resource -- Alacrity
State Farm Insurance Companies
Ph: 844-458-4300 Ext 972-541-6490
Fax: 844-236-3646
statefarmfireclaims@statefarm.com

📄 **42-32K7-09Z.eml**
19K

9/15/23, 1:11 PM
E-FILED
11/15/2023 12:28 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

 Gmail

Jackie Fiala <jackiedfiala@gmail.com>

## 42-32K7-09Z

**Joey Friedl** <joey@musiccityroofers.com>                    Tue, Mar 28, 2023 at 3:42 PM
To: Jackie Fiala <jackiedfiala@gmail.com>, HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>

Hello,

Upon request, here is the estimate for full replacement in Xactimate format for the insured located at 7707 Indian Springs Drive Nashville, TN 37221.

Please let me know if you have any questions or concerns!
Thank you

Sincerely,

Joey Friedl

Certified Roofing Specialist
615.890.7170
**Music City Roofers**

📄 **fiala_final_draft_car.pdf**
23K

Case 3:24-cv-00050    Document 1-1    Filed 01/17/24    Page 75 of 140 PageID #: 79



**Music City Roofers**

Insured: Jackie Fiala`
Property: 7707 Indian Springs Drive
Nashville, TN 37221

**Claim Number:**             **Policy Number:**             **Type of Loss:**

Date of Loss:                    Date Received:
Date Inspected:                 Date Entered:    3/27/2023 11:10 AM

Price List:    TNNA8X_MAR23
               Restoration/Service/Remodel
Estimate:      FIALA

 **Music City Roofers**

FIALA

### Roof

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | TOTAL |
|---|---|---|---|---|---|
| 1. Tear off composition shingles (no haul off) | 32.93 SQ | 51.30 | 0.00 | 0.00 | 1,689.31 |
| 2. Add. layer of comp. shingles, remove & disp. - 3 tab | 32.93 SQ | 40.97 | 0.00 | 0.00 | 1,349.14 |
| 3. Remove Additional charge for steep roof - 7/12 to 9/12 slope | 6.89 SQ | 15.73 | 0.00 | 0.00 | 108.38 |
| 4. Remove Additional charge for steep roof - 10/12 - 12/12 slope | 12.60 SQ | 24.72 | 0.00 | 0.00 | 311.47 |
| 5. Remove Additional charge for steep roof greater than 12/12 slope | 3.56 SQ | 30.17 | 0.00 | 0.00 | 107.41 |
| 6. Valley/Ice & water barrier | 240.00 SF | 0.00 | 1.82 | 8.21 | 445.01 |
| 7. R&R Drip edge | 447.00 LF | 0.46 | 3.68 | 49.20 | 1,899.78 |
| 8. Roofing felt - 15 lb. | 30.53 SQ | 0.00 | 39.21 | 19.63 | 1,216.71 |
| 9. Asphalt starter - universal starter course | 447.00 LF | 0.00 | 2.31 | 22.33 | 1,054.90 |
| 10. 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 36.33 SQ | 0.00 | 239.46 | 386.56 | 9,086.14 |
| 11. Additional charge for steep roof - 7/12 to 9/12 slope | 6.89 SQ | 0.00 | 56.83 | 0.00 | 391.56 |
| 12. Additional charge for steep roof - 10/12 - 12/12 slope | 12.60 SQ | 0.00 | 89.32 | 0.00 | 1,125.43 |
| 13. Additional charge for steep roof greater than 12/12 slope | 3.56 SQ | 0.00 | 93.33 | 0.00 | 332.25 |
| 14. Flashing - pipe jack | 2.00 EA | 0.00 | 53.88 | 2.46 | 110.22 |
| 15. Step flashing | 96.00 LF | 0.00 | 11.78 | 13.50 | 1,144.38 |
| 16. R&R Counterflashing - Apron flashing | 52.00 LF | 0.67 | 11.90 | 6.97 | 660.61 |
| 17. Exhaust cap - through roof - 6" to 8" | 1.00 EA | 0.00 | 99.15 | 3.16 | 102.31 |
| 18. Continuous ridge vent - shingle-over style | 80.00 LF | 0.00 | 10.13 | 24.86 | 835.26 |
| 19. Ridge cap - Standard profile - composition shingles | 98.00 LF | 0.00 | 6.22 | 22.57 | 632.13 |
| 20. Gutter guard/screen - High grade - Detach & reset | 136.00 LF | 0.00 | 12.79 | 0.00 | 1,739.44 |
| 21. Roof window - Detach & reset | 6.00 EA | 0.00 | 180.70 | 0.00 | 1,084.20 |
| 22. R&R Roof window step flashing kit - Large | 3.00 EA | 8.30 | 182.49 | 40.90 | 613.27 |
| 23. R&R Roof window step flashing kit | 3.00 EA | 6.92 | 161.50 | 36.84 | 542.10 |

| Totals: Roof | | | | 637.19 | 26,581.41 |
|---|---|---|---|---|---|

FIALA

Case 3:24-cv-00050    Document 1-1    Filed 01/17/24    Page 77 of 140 PageID #: 81

 
**Debris Removal**

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | TOTAL |
|-------------|-----|--------|---------|-----|-------|
| 24. Dumpster load - Approx. 20 yards, 4 tons of debris | 1.00 EA | 638.43 | 0.00 | 0.00 | 638.43 |
| Totals: Debris Removal | | | | 0.00 | 638.43 |
| **Line Item Totals: FIALA** | | | | **637.19** | **27,219.84** |

FIALA

  **Music City Roofers**

## Summary for Dwelling

| | |
|---|---|
| Line Item Total | 26,582.65 |
| Material Sales Tax | 637.19 |
| **Replacement Cost Value** | **$27,219.84** |
| **Net Claim** | **$27,219.84** |

FIALA

3/27/2023     Page: 4



**Music City Roofers**

## Recap of Taxes

|  | Material Sales Tax (9.25%) | P Ppty Material Tax (9.25%) | P Ppty Cleaning Tax (9.25%) | Storage Rental Tax (9.25%) | Food Tax (7.25%) |
|---|---|---|---|---|---|
| Line Items | 637.19 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total** | **637.19** | **0.00** | **0.00** | **0.00** | **0.00** |



## Recap by Room

**Estimate: FIALA**

| | | |
|---|---:|---:|
| Roof | 25,944.22 | 97.60% |
| Debris Removal | 638.43 | 2.40% |
| **Subtotal of Areas** | **26,582.65** | **100.00%** |
| **Total** | **26,582.65** | **100.00%** |

 **Music City Roofers**

## Recap by Category

| Items | Total | % |
|---|---|---|
| GENERAL DEMOLITION | 4,490.26 | 16.50% |
| ROOFING | 18,236.78 | 67.00% |
| SOFFIT, FASCIA, & GUTTER | 1,739.44 | 6.39% |
| WINDOWS - SKYLIGHTS | 2,116.17 | 7.77% |
| Subtotal | 26,582.65 | 97.66% |
| Material Sales Tax | 637.19 | 2.34% |
| Total | 27,219.84 | 100.00% |



*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

April 4, 2023

*Bill Fiala*
*7707 Indian Springs Dr*
*Nashville TN  37221-1128*

**State Farm Claims**
PO Box 106169
Atlanta GA 30348-6169

RE:  Claim Number:      42-32K7-09Z
      Policy Number:     42B6P0230
      Date of Loss:       July 31, 2021

*Dear Bill Fiala:*

*We will give your claim further consideration once we receive the requested information as outlined below:*

> *Please submit supporting documents regarding your Contractors estimate to warrant a Total Roof replacement to the claims department for review.*

## SECTION I - CONDITIONS

2. **Your Duties After Loss.** *After a loss to which this insurance may apply, you shall see that the following duties are performed:*

    a) *give immediate notice to us or our agent. Also notify the police if the loss is caused by theft. Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;*

    b) *protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;*

    c) *prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;*

    d) *as often as we reasonably require:*

        (1) *exhibit the damaged property;*

        (2) *provide us with records and documents we request and permit us to make copies;*

    (3)  *submit to and subscribe, while not in the presence of any other* **insured***:*

        a.   *statements; and*

        b.   *examinations under oath; and*

    (4)  *produce employees, members of the* **insured's** *household or others for examination under oath to the extent it is within the* **insured's** *power to do so; and*

  e.  *submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:*

    *(1) the time and cause of loss;*

    *(2) interest of the* **insured** *and all others in the property involved and all encumbrances on the property;*

    *(3) other insurance which may cover the loss*

    *(4) changes in title or occupancy of the property during the term of this policy;*

    *(5) specifications of any damaged building and detailed estimates for repair of the damage;*

    *(6) an inventory of damaged or stolen personal property described in 2.c;*

    *(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and*

    *(8) evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.*

*By requesting additional information, our actions should not be construed to be a waiver of any policy provisions, conditions, and/or reasons for denial that might be discovered upon later investigation. State Farm Fire and Casualty Company does not intend, by this letter, to waive any rights, but specifically reserves all rights and defenses that may be applicable to this claim pursuant to the insurance policy or statutory or common law.*

*If you have questions or need assistance, call us at (844) 458-4300 Ext. 9726001617.*

*Sincerely,*

*Marcus K Thomas*
*External Claim Resource - Pilot*
*(844) 458-4300  Ext. 9726001617*
*Fax: (844) 236-3646*

*statefarmfireclaims@statefarm.com*
*For your protection, when emailing State Farm, please do not include sensitive personal information such as Social Security Number, credit/debit card number (financial account number), driver's license number, or health/medical information in an email. Please contact us at (844) 458-4300  Ext. 9726001617 to discuss sensitive information.*

*State Farm Fire and Casualty Company*

---

*Take advantage of our self-service options*
*Go to statefarm.com® to easily review claim status, update direct deposit account information for claim payments and many other insurance and banking services.*

9/15/23, 1:22 PM
E-FILED
11/15/2023 12:28 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

 Gmail

Jackie Fiala <jackiedfiala@gmail.com>

## 42-32K7-90Z

**Joey Friedl** <joey@musiccityroofers.com>
To: statefarmfireclaims@statefarm.com, jackiedfiala@gmail.com

Wed, Apr 26, 2023 at 12:27 PM

Here I have attached the photo report!
Thanks

blob:https://api.companycam.com/8c9ef28f-b298-40c2-bf90-08253151e431

📄 **Jackie Fiala-companycam-report.pdf**
5616K

Case 3:24-cv-00050     Document 1-1     Filed 01/17/24     Page 86 of 140 PageID #: 90

Joe Friedl

Music City Roofers

3/24/2023 | 34 Photos



# Jackie Fiala

# Section 1

**1**



Project: Jackie Fiala
Date: 2/28/2023, 11:19am
Creator: Joe Friedl

**2**



Project: Jackie Fiala
Date: 2/28/2023, 11:19am
Creator: Joe Friedl

3



Project: Jackie Fiala
Date: 2/28/2023, 11:20am
Creator: Joe Friedl

4



Project: Jackie Fiala
Date: 2/28/2023, 11:20am
Creator: Joe Friedl

5



Project: Jackie Fiala
Date: 2/28/2023, 11:20am
Creator: Joe Friedl

6



Project: Jackie Fiala
Date: 2/28/2023, 11:21am
Creator: Joe Friedl

7



Project: Jackie Fiala
Date: 2/28/2023, 11:21am
Creator: Joe Friedl

8



Project: Jackie Fiala
Date: 2/28/2023, 11:22am
Creator: Joe Friedl

9



Project: Jackie Fiala
Date: 2/28/2023, 11:24am
Creator: Joe Friedl

10



Project: Jackie Fiala
Date: 2/28/2023, 11:24am
Creator: Joe Friedl

11



Project: Jackie Fiala
Date: 2/28/2023, 11:24am
Creator: Joe Friedl

12



Project: Jackie Fiala
Date: 2/28/2023, 11:26am
Creator: Joe Friedl

13



Project: Jackie Fiala
Date: 2/28/2023, 11:26am
Creator: Joe Friedl

14



Project: Jackie Fiala
Date: 2/28/2023, 11:26am
Creator: Joe Friedl

15



Project: Jackie Fiala
Date: 2/28/2023, 11:26am
Creator: Joe Friedl

16



Project: Jackie Fiala
Date: 2/28/2023, 11:26am
Creator: Joe Friedl

17



Project: Jackie Fiala
Date: 2/28/2023, 11:26am
Creator: Joe Friedl

18



Project: Jackie Fiala
Date: 2/28/2023, 11:28am
Creator: Joe Friedl

**19**



Project: Jackie Fiala
Date: 2/28/2023, 11:28am
Creator: Joe Friedl

**20**



Project: Jackie Fiala
Date: 2/28/2023, 11:28am
Creator: Joe Friedl

21



Project: Jackie Fiala
Date: 2/28/2023, 11:28am
Creator: Joe Friedl

22



Project: Jackie Fiala
Date: 2/28/2023, 11:29am
Creator: Joe Friedl

**23**



Project: Jackie Fiala
Date: 2/28/2023, 11:29am
Creator: Joe Friedl

**24**



Project: Jackie Fiala
Date: 2/28/2023, 11:29am
Creator: Joe Friedl

25



Project: Jackie Fiala
Date: 2/28/2023, 11:29am
Creator: Joe Friedl

26



Project: Jackie Fiala
Date: 2/28/2023, 11:29am
Creator: Joe Friedl

27



Project: Jackie Fiala
Date: 2/28/2023, 11:29am
Creator: Joe Friedl

28



Project: Jackie Fiala
Date: 2/28/2023, 11:30am
Creator: Joe Friedl

29



Project: Jackie Fiala
Date: 2/28/2023, 11:30am
Creator: Joe Friedl

30



Project: Jackie Fiala
Date: 2/28/2023, 11:30am
Creator: Joe Friedl

31



Project: Jackie Fiala
Date: 2/28/2023, 11:30am
Creator: Joe Friedl

32




Project: Jackie Fiala
Date: 2/28/2023, 11:31am
Creator: Joe Friedl

**33**



Project: Jackie Fiala
Date: 2/28/2023, 11:31am
Creator: Joe Friedl

**34**



Project: Jackie Fiala
Date: 2/28/2023, 11:34am
Creator: Joe Friedl

E-FILED
11/15/2023 2:39 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

 Gmail

Jackie Fiala <jackiedfiala@gmail.com>

---

## (no subject)

**Jackie Fiala** <jackiedfiala@gmail.com>                                 Wed, May 17, 2023 at 10:53 AM
To: HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>

Hi Marcus,

Following up on my call yesterday and last week. Were you able to contact the Department of Codes? Any information on an extension of our completion deadline?

Thanks,
Jackie Fiala
615-364-6251

> On Wed, Apr 26, 2023 at 4:04 PM Jackie Fiala <jackiedfiala@gmail.com> wrote:
> > CLAIM #42-32K7-09Z
>
> On Wed, Apr 26, 2023 at 1:27 PM Jackie Fiala <jackiedfiala@gmail.com> wrote:
> > Marcus:
> >
> > Following up on the call from Joey Friedl, please see the attached report from our contractor. This claim should not be closed, and we request that it be reopened. We are actively working with State Farm to resolve it.
> >
> > Please let me know how I can help speed the process along as it has been ongoing for nearly two years and we would like to put this behind us.
> >
> > Thanks,
> > Jackie Fiala, homeowner
> > 615-364-6251

E-FILED
11/15/2023 12:28 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

 **Gmail**

Jackia Fiala <jackiedfiala@gmail.com>

---

## Please send to me ASAP

---

**Jackie Fiala** <jackiedfiala@gmail.com>                          Mon, Jun 5, 2023 at 9:52 AM
To: Joey Friedl <joey@musiccityroofers.com>

Hi Joey,

Please cut and paste the below into a new email from you to me.  Please copy Marcus at statefarmfireclaims.com and
I will upload to our claim to be sure it goes to the right place.  Thanks!


Hi Marcus,

We understand that State Farm has approved a partial roof replacement for claim number **42-32K7-09Z**.
Unfortunately, due to the applicable building code, **R904.2 Compatibility of Materials,**
 a partial replacement is not an option in this case.  Tennessee is a "matching state," and the codes require shingles
on roofs to match.  The shingles on the existing roof are discontinued, so it is impossible to match the shingles for a
partial replacement.  Please send a representative to the home to take a sample and verified the discontinued status
of the shingles.  Because the shingles are discontinued, the only way to fix the Fiala roof and to be compliant with
building codes is to do an entire full roof replacement.

Thanks,
Joey

9/15/23, 2:03 PM
*E-FILED*
*11/15/2023 12:28 PM*
*CLERK & MASTER*
**DAVIDSON CO. CHANCERY CT.**

 Gmail

Jackie Fiala <jackiedfiala@gmail.com>

---

## 4232K709Z

---

**Joey Friedl** <joey@musiccityroofers.com>                                      Fri, Jul 21, 2023 at 7:22 AM
To: statefarmfireclaims@statefarm.com
Cc: jackiedfiala@gmail.com

Hello,

I have performed a match test to verify compatibility of the suggested shingles with the existing shingles on the Fiala's home.

You will see in the photo report attached:

-A new pack of Owens Corning Supreme Brownwood (Suggested match)
-Receipt of purchase on that day
- Suggested shingles placed on existing roof
- Suggested shingles not matching in color with existing shingles
-Suggestd shingles not matching in dimensions with existing shingles

I have CC'd Mrs. Fiala on email and we look forward to a prompt response!

Please let me know if you have any questions!
Thanks

---

📄 **Jackie Fiala Match Test-companycam-report.pdf**
    4339K

Joey Friedl

Music City Roofers

7/21/2023 | 18 Photos



# Jackie Fiala Match Test

# Section 1

1



Project: Jackie Fiala
Date: 7/19/2023, 4:06pm
Creator: Joey Friedl

2



Project: Jackie Fiala
Date: 7/19/2023, 4:07pm
Creator: Joey Friedl

3



Project: Jackie Fiala
Date: 7/19/2023, 4:07pm
Creator: Joey Friedl

4



Project: Jackie Fiala
Date: 7/19/2023, 4:07pm
Creator: Joey Friedl



5

Project: Jackie Fiala
Date: 7/19/2023, 4:13pm
Creator: Joey Friedl



6

Project: Jackie Fiala
Date: 7/19/2023, 4:13pm
Creator: Joey Friedl

7



Project: Jackie Fiala
Date: 7/19/2023, 4:13pm
Creator: Joey Friedl

8



Project: Jackie Fiala
Date: 7/19/2023, 4:13pm
Creator: Joey Friedl

9



Project: Jackie Fiala
Date: 7/19/2023, 4:21pm
Creator: Joey Friedl

10



Project: Jackie Fiala
Date: 7/19/2023, 4:21pm
Creator: Joey Friedl



Project: Jackie Fiala
Date: 7/19/2023, 4:23pm
Creator: Joey Friedl



Project: Jackie Fiala
Date: 7/19/2023, 4:23pm
Creator: Joey Friedl



Project: Jackie Fiala
Date: 7/19/2023, 4:23pm
Creator: Joey Friedl



Project: Jackie Fiala
Date: 7/19/2023, 4:23pm
Creator: Joey Friedl



Project: Jackie Fiala
Date: 7/19/2023, 4:23pm
Creator: Joey Friedl



Project: Jackie Fiala
Date: 7/19/2023, 4:23pm
Creator: Joey Friedl

17



Project: Jackie Fiala
Date: 7/19/2023, 4:24pm
Creator: Joey Friedl

18



Project: Jackie Fiala
Date: 7/19/2023, 4:27pm
Creator: Joey Friedl



# ASPHALT ROOFING EVALUATION
## CONTROL #: RRS10038315 CLAIM#: 4232K709Z

| **Attn:** *Joey Friedl*<br>**Co:** *Music City Roofers* | **From:** *ITEL Laboratories, Inc.*<br>**Ph:** 800-890-4835<br>*customerexperience@itelinc.com* |
|---|---|

E-FILED
11/15/2023 12:28 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

## CUSTOMER INFO
**Customer:** *Vendor*  **Cust. ID:** *CUST0004*

**Adjuster:** *Pre-Paid Not a Bill*

**Additional:** *Music City Roofers*   **Vendor Job#:**   **Contact:** *Joey Friedl*   **E-mail:** *joey@musiccityroofers.com*

**Date Invoiced:** 7/17/2023   **Date Received:** 7/14/2023

## LOSS INFO
**Insured Name:** *Bill Fiala*   **Claim #:** *4232K709Z*

**Loss Location:** *Nashville, TN 37221*   **Area Damaged:**   **Loss Date:** *7/21/2023*

## ORIGINAL PRODUCT IDENTIFICATION ☑
*The original product is discontinued; matching products are available. (see comments).*

**Product:** *Owens Corning Classic*   **Type:** *3-Tab Standard*

**Color:** *Brownwood*   **Warranty:** *20*   **Height:** *12.000*   **Width:** *36.000*

**Mat:** *Fiberglass*   **Specialty Granules:** *None*

**Manufacturer Info:** *www.owenscorning.com / (800) 438-7465*

**Comments:** · *The original shingle may be available through the Discontinued Shingle Location service. Please call ITEL Customer Experience for details: 800-890-4835.*

**Comments:** · *The original sample has weathering and granular loss. The sample was cleaned with a mild bleach solution prior to color granule analysis.*

## MATCHING PRODUCTS ☑

**MATCH 1** *Owens Corning Supreme AR*   **Type:** *3-Tab Standard*

**Color:** *Brownwood*   **Color Matched To:Current Color**   **Warranty:** *25*   **Mat:** *Fiberglass*

| Comparison to Submitted Sample: | Different 5 | | 4 | | Similar 3 | | 2 | | Same 1 |
|---|---|---|---|---|---|---|---|---|---|
| Warranty | | | | | | | | | |
| Physical Characteristics* | | | | | | | | | |
| Physical Dimensions | | | | | | | | | |
| Original Color | | | | | | | | | |
| Current Color | | | | | | | | | |

**Suppliers:**
· ABC Supply #110, 15 miles: 615-883-0152, Nashville, TN, 37210
· Best Distributing Company, 15 miles: 615-244-9378, Nashville, TN, 37210
· Roofing Supply Group, 15 miles: 615-242-7663, Nashville, TN, 37210
**Manufacturer Info:**
www.owenscorning.com / (800) 438-7465

\* "Physical Characteristics" considers mat composition, specialty granules, tab/cutout shapes and construction comparisons

## ADDITIONAL COMMENTS   See PERSONALIZED HOMEOWNER ROOFING MATCH REPORT page for photo comparison.
· *Installers should verify visual and dimensional compatibility before purchasing and installing replacement products.*
· *We want to hear from you! Please contact ITEL Customer Experience with any questions: itelinfo@itelinc.com or 800-890-4835.*

## INVOICE   **Control Number:** *RRS10038315*   **Claim #:** *4232K709Z*   **ITEL Tax ID #:** *26-2574564*

| Analysis Fee: *$135.00*<br>Shipping Fee: *$18.17*<br>Please note Customer ID # and Control # on all correspondence. | **TOTAL DUE FOR THIS TEST: $153.17**<br>**FEDERAL TAX ID NUMBER: 26-2574564** |
|---|---|

**Comments:**
· *THIS INVOICE IS FOR YOUR RECORD ONLY! Our records indicate that this invoice has been pre-paid by credit card or check.*

*ITEL Laboratories • 6676 Corporate Center Parkway, Suite 107 • Jacksonville, FL 32216 • Office: 800.890.4835 • www.itelinc.com*

*Print Date 7/31/2023 8:37:53 AM*



**Homeowner's Personalized Roofing Match Report**

**Insured Name:** *Bill Fiala*
**Claim Number:** *4232K709Z*
**Report #:** *RRS10038315* **Date:** *7/17/2023*

## Your Roofing: Your original shingle is discontinued, matching products are available.

### Specifications of Your Roofing:

**Product:** *Owens Corning Classic*

**Type:** *3-Tab Standard*

**Color:** *Brownwood*

**Warranty:** *20*

**Mat:** *Fiberglass*

**Manufacturer Info:**
*www.owenscorning.com / (800) 438-7465*

### Helpful Comments:

· *The original shingle may be available through the Discontinued Shingle Location service. Please call ITEL Customer Experience for details: 800-890-4835.*



### Match 1: Owens Corning Supreme AR

**Type:** *3-Tab Standard*

**Color:** *Brownwood*

**Color Matched To:** *Current Color*

**Warranty:** *25*

**Mat:** *Fiberglass*

**Manufacturer Info:**
*www.owenscorning.com / (800) 438-7465*

### Where to Buy:

· **ABC Supply #110** - *15 miles away, 615-883-0152, Nashville, TN, 37210*
· **Best Distributing Company** - *15 miles away, 615-244-9378, Nashville, TN, 37210*
· **Roofing Supply Group** - *15 miles away, 615-242-7663, Nashville, TN, 37210*

*Distributor inventory varies; specific products and colors may need to be ordered. Some distributors will only sell to licensed roofing contractors.*



## ITEL CERTIFIED MATCH

*ITEL performed a national search based on the specifications and color of your product to find the best available match. If you have questions, contact ITEL Customer Experience: itelinfo@itelinc.com or call 800-890-ITEL (4835).*

**IMPORTANT NOTE CONCERNING COLOR:** *ITEL strives to accurately reproduce the color of the products shown above. However, due to manufacturing variances, differences in computer monitors, printer accuracy, and variation in natural exterior lighting, actual colors may differ from the images. Be sure to check a roofing sample or manufacturer color swatch before making a final color selection and purchase.*

*Print Date 7/31/2023 8:37:53 AM*

# IN THE CHANCERY COURT FOR THE TWENTIETH JUDICIAL DISTRICT
## AT NASHVILLE, TENNESSEE

| | | |
|---|---|---|
| **JACQUELYNE D. FIALA and**<br>**WILLIAM T. FIALA,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | **JURY DEMAND** |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO STATE FARM FIRE AND CASUALTY COMPANY

---

Pursuant to Tenn. R. Civ. P. 26 and 33, Plaintiffs Jacquelyne D. Fiala and William T. Fiala (collectively, "Insureds") propound the following First Set of Interrogatories and Requests for Production of Documents upon Defendant State Farm Fire and Casualty Company, NAIC CoCode 25143, ("State Farm") to be responded to separately and fully, under oath, within forty-five (45) days after the date of service of these requests upon you or your attorney.

### INSTRUCTIONS

These discovery requests are to be answered separately and fully, in writing and under oath, within the time limits described above.

1.      If you object to answering any of these discovery requests, or withhold documents from production in response to these requests, in whole or in part, please state in full your objections and/or reasons for not responding and state all factual and legal justifications that you believe support your objection or failure to answer or produce. If you object to answering only part of a discovery request, specify the part to which you object and respond to the remainder.

2. If you deem any request to call for privileged information or documents, and assert such privilege to avoid divulging such information or producing such documents, please provide a privilege log containing information sufficient so that a court may rule on the claim of privilege. Such log should be produced contemporaneously with your answers and responses hereto, and should provide the following information with respect to each item of information or each document so withheld:

    a. Description of allegedly privileged communication or document withheld;

    b. Persons present during or participating in allegedly privileged communication, or author(s) and recipient(s) of document withheld;

    c. Date of allegedly privileged communication or document withheld;

    d. Subject matter of allegedly privileged communication or document withheld;

    e. Type of document withheld (*e.g.,* letter, memorandum or computer database);

    f. Nature of privilege(s) claimed; and

    g. The paragraph(s) of these discovery requests to which the allegedly privileged communication or document relates.

3. If any document or tangible item requested herein was at one time in existence and under your possession, custody or control but has been lost, discarded or destroyed or has been removed from your possession, custody or control, with respect to each such document or other tangible item:

    a. Identify and describe each such document or other tangible item by date, title, and type, nature or kind;

    b. State when each such document or other tangible item was most recently in your possession or subject to your control and what disposition was made of such document or other tangible item, including an identification of the person, if any, presently in possession or control of such document or other tangible item;

    c. State when such document or other tangible item was transferred or

2

destroyed; identify the person who transferred or destroyed such document or other tangible item and the person(s) who authorized or directed that the document or other tangible item be transferred or destroyed; identify all persons having knowledge of such transfer or destruction; and state the reason such document or other tangible item was transferred or destroyed; and

d. Identify all persons having knowledge of the contents thereof.

4. When asked to identify a person, include the person's:

a. full name;

b. present business address and telephone number;

c. present home address and telephone number;

d. present business affiliation, title and duties; and

e. relationship to you.

5. All electronically stored documents and data should be produced in the electronic format in which they are kept. In producing documents consisting only of electronically-stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software.

6. Please promptly supplement your responses to all of these discovery requests as this action continues, to the full extent required by the rules.

## DEFINITIONS

As used in these discovery requests, the following terms have the meaning described below:

1. **You.** "You," "yours," "State Farm," and similar terms refer to Defendant State Farm Fire and Casualty Company (and its respective agents, attorneys, and employees, or other persons acting or purporting to act on its behalf).

2. **Insureds.** "Insureds" refers to Plaintiffs Jacquelyne D. Fiala and William T. Fiala (and their respective agents, attorneys, and employees, or other persons acting or purporting to act

3

on their behalf).

3. **Property.** "Property" refers to the real property and improvements located at 7707 Indian Springs Drive, Nashville, Tennessee 37221.

4. **Policy.** "Policy" refers to Insureds' homeowners' insurance policy for the Property, which was written by State Farm, Policy No. 42B6P0230.

5. **Claim.** "Claim" refers to Claim No. 4242K709Z filed by Insureds with State Farm related to damage to the Property's roof and interior ceilings.

6. **Communication.** "Communication" means any and all forms of communication between or among two or more persons, including but not limited to in-person meetings and conversations, telephone calls, voicemail or answering machine messages, letters, notes, memoranda, e-mail, and facsimile forms as applicable.

7. **Relating, Regarding, or Concerning.** The terms "relating to," "concerning" or "regarding" shall mean concerning, in whole or in part and without limitation, relating to, regarding, constituting, pertinent, relevant or material to, evidencing, having a bearing on, or affecting, discussing and/or otherwise dealing with the subject matter in any manner whatsoever.

8. As used in these discovery requests, singular designations include the plural and plural the singular; masculine, feminine, and neuter gender include each other, and past tense includes the present and present the past.

4

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

**INTERROGATORY NO. 1:** Describe with specificity each and every basis for State Farm's failure to agree to a full roof replacement for the Property.

**ANSWER:**


**INTERROGATORY NO. 2:** Describe all facts that support State Farm's contention that its proposed repairs would comply with applicable building codes when it proposes replacing two slopes of the roof the Property with shingles that do not match the existing shingles' size.

**ANSWER:**


**INTERROGATORY NO. 3:** Identify all persons, other than your attorneys, that possess knowledge of the facts described in the Complaint. Include a description of the specific facts which you believe he or she has knowledge.

**ANSWER:**


**INTERROGATORY NO. 4:** Identify all State Farm adjustors who visited the Property related to Insureds' Claim. For each, provide the date of their visit, the date of their estimate, and contact information.

**ANSWER:**


**INTERROGATORY NO. 5:** Identify each person whom State Farm expects to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, the witness's qualifications (including a list of all publications

5

authored in the previous ten years), a list of all other cases in which, during the previous four years, the witness testified as an expert, and a statement of the compensation to be paid for the study and testimony in the case.

**ANSWER:**


**INTERROGATORY NO. 6:** Describe with particularity each and every reason why State Farm fails to communicate with Insureds in writing after Insureds expressly requested exclusive communication in writing.

**ANSWER:**

6

## PLAINTIFFS' FIRST REQUESTS FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and communications identified or relied upon in answering the interrogatories above.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:** Produce all documents and communications that support or otherwise relate to the allegations in the Complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:** Produce all documents and communications that support or otherwise relate to any defenses State Farm asserts in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Produce all communications, including recorded conversations, between State Farm and Insureds related to the Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:** Produce a copy of Insureds' Policy that was in effect at the time of the Claim was filed by Insureds.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:** Produce all internal State Farm communications, including recorded conversations, regarding the Property and/or Insureds' Claim.

**RESPONSE:**

7

**REQUEST FOR PRODUCTION NO. 7:** Produce all communications, including recorded conversations, between State Farm and the exterior and interior adjusters that visited the Property in or around Spring 2022 regarding the Property and/or Insureds' Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents, photos, videos, and samples related to the exterior and interior estimates performed by State Farm's agents in or around Spring 2022.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents, communications, photos, videos, and recorded conversations with State Farm's agent, Vic (*see* Paragraph 24 of Insureds' Complaint) regarding the Property and/or Insureds' Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Produce all State Farm policies and procedures that refer or relate to claims handling.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents and communications that refer or relate to State Farm's shingle matching analysis.

**RESPONSE:**

8

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents and communications that refer or relate to State Farm's determination whether the shingles located by State Farm's matching analysis adequately matched the existing shingles on the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** For each individual identified in response to Interrogatory No. 5, produce a copy of their expert reports and current curriculum vitae.

**RESPONSE:**

Respectfully submitted,

By: */s/ Jacquelyne D. Fiala*
     Jacquelyne D. Fiala (TN Bar No. 30498)
     7707 Indian Springs Drive
     Nashville, Tennessee 37221
     Tel: (615) 364-6251
     jackiedfiala@gmail.com

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing document was served upon Defendant State Farm Fire and Casualty Company on November 15, 2023 via service to the Commissioner of the Tennessee Department of Commerce and Insurance with the Complaint.

JDF

By: */s/ Jacquelyne D. Fiala*
     Jacquelyne D. Fiala

9

| | | |
|---|---|---|
| JACQUELYNE D. FIALA and<br>WILLIAM T. FIALA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| STATE FARM FIRE AND CASUALTY<br>COMPANY, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS
## TO STATE FARM FIRE AND CASUALTY COMPANY

Pursuant to Tenn. R. Civ. P. 26 and 36, Plaintiffs Jacquelyne D. Fiala and William T. Fiala (collectively, "Insureds") propound the following First Requests for Admission to Defendant State Farm Fire and Casualty Company, NAIC CoCode 25143, ("State Farm") to be responded to separately and fully, under oath, within forty-five (45) days after the date of service of these Requests upon you or your attorney.

### DEFINITIONS

· As used in these discovery requests, the following terms have the meaning described below:

1. **You.** "You," "yours," "State Farm," and similar terms refer to Defendant State Farm Fire and Casualty Company (and its respective agents, attorneys, and employees, or other persons acting or purporting to act on its behalf).

2. **Insureds.** "Insureds" refers to Plaintiffs Jacquelyne D. Fiala and William T. Fiala (and their respective agents, attorneys, and employees, or other persons acting or purporting to act on their behalf).

1

3.      **Property.** "Property" refers to the real property and improvements located at 7707 Indian Springs Drive, Nashville, Tennessee 37221.

4.      **Policy.** "Policy" refers to Insureds' homeowners' insurance policy for the Property, which was written by State Farm, Policy No. 42B6P0230.

5.      **Claim.** "Claim" refers to Claim No. 4242K709Z filed by Insureds with State Farm related to damage to the Property's roof and interior ceilings.

6.      **Communication.** "Communication" means any and all forms of communication between or among two or more persons, including but not limited to in-person meetings and conversations, telephone calls, voicemail or answering machine messages, letters, notes, memoranda, e-mail, and facsimile forms as applicable.

7.      **Relating, Regarding, or Concerning.** The terms "relating to," "concerning" or "regarding" shall mean concerning, in whole or in part and without limitation, relating to, regarding, constituting, pertinent, relevant or material to, evidencing, having a bearing on, or affecting, discussing and/or otherwise dealing with the subject matter in any manner whatsoever.

8.      As used in these discovery requests, singular designations include the plural and plural the singular; masculine, feminine, and neuter gender include each other, and past tense includes the present and present the past.

2

## DEFENDANT'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF

1. Admit that the damage to the Property's roof and the water damage to the Property's interior ceilings constitutes one "occurrence" under the Insureds' Policy.

**RESPONSE:**

2. Admit that the damage to the Property was covered under Insureds' Policy.

**RESPONSE:**

3. Admit that there was evidence of hail damage to the Property, as determined by State Farm's agent on or about July 27, 2022.

**RESPONSE:**

4. Admit that State Farm failed to send Insureds any documentation related to the July 27, 2022 State Farm adjuster visit to the Property.

**RESPONSE:**

5. Admit that State Farm did not respond to Insureds' June 21, 2022 correspondence, attached to the Complaint as Exhibit D, in writing.

**RESPONSE:**

3

6.    Admit that State Farm failed to respond to Insureds' July 27, 2022 voicemail.

**RESPONSE:**


7.    Admit that State Farm failed to notify Insureds that it had issued the revised estimate on or around September 17, 2022, which is attached to the Complaint as Exhibit E.

**RESPONSE:**


8.    Admit that the total cost of repairs in State Farm's September 17, 2022 estimate attached to the Complaint as Exhibit E is lower than the estimate from State Farm's adjuster that visited the Property on or around July 27, 2022.

**RESPONSE:**


9.    Admit that State Farm failed to respond to Insureds' agent's email attached to the Complaint as Exhibit G.

**RESPONSE:**


10.    Admit that State Farm failed to respond to Insureds' September 27, 2022 email attached to the Complaint as Exhibit H.

**RESPONSE:**


4

11.     Admit that State Farm failed to respond to Insureds' September 30, 2022 email attached to the Complaint as Exhibit I.

**RESPONSE:**


12.     Admit that State Farm failed to issue a written response to Insureds' September 30, 2022 email attached to the Complaint as Exhibit I, even after a State Farm representative agreed to do so.

**RESPONSE:**


13.     Admit that, on or around October 18, 2022, Insureds requested all communications between State Farm and Insureds regarding the Claim be in writing.

**RESPONSE:**


14.     Admit that Marty Luffman is still an active State Farm agent.

**RESPONSE:**


15.     Admit that the building code sections attached to the Complaint as Exhibit L are applicable to the Property.

**RESPONSE:**

5

16.     Admit that on or around March 17, 2023, State Farm requested Insureds send an estimate for a full roof replacement.

**RESPONSE:**


17.     Admit that State Farm failed to respond in writing to Insureds' May 17, 2023 correspondence attached to the Complaint as Exhibit P.

**RESPONSE:**


18.     Admit that State Farm informed Insureds it would approve a partial roof replacement in or around May/June 2023.

**RESPONSE:**


19.     Admit that the existing shingles on the roof are discontinued.

**RESPONSE:**


20.     Admit that State Farm recommended Insureds install Owens Corning Supreme Brand shingles in the color Brownwood for the repairs to the Property.

**RESPONSE:**

6

21.     Admit that the shingle comparison report attached to the Complaint as Exhibit R compares the shingles recommended by State Farm to the existing shingles on the Property.

**RESPONSE:**

22.     Admit that the shingle match test performed by Itel at Insureds' agent's request shows that the existing shingles on the Property are discontinued and unavailable.

**RESPONSE:**

23.     Admit that State Farm failed to send an adjuster to review the interior damage, as promised on the August 8, 2023 call with Insureds.

**RESPONSE:**

24.     Admit that on or around October 9, 2023, State Farm notified Insureds that State Farm management reviewed Insureds' claim and added another slope of the Property's roof to the area State Farm agreed to replace.

**RESPONSE:**

25.     Admit that on or around October 9, 2023, State Farm notified Insureds that there was a size difference between the shingles State Farm recommended for the partial roof replacement and the existing shingles on the Property.

**RESPONSE:**

7

26.     Admit that on or around October 9, 2023, State Farm notified Insureds that it was adding another roof slope to the replacement area due to the size difference of the shingles State Farm recommended for the partial roof replacement and the existing shingles on the Property.

**RESPONSE:**


27.     Admit that State Farm failed to provide to Insureds in writing any of the information disclosed in State Farm's October 9, 2023 voicemail.

**RESPONSE:**


28.     Admit that since Insureds field their Claim, State Farm has reassigned Insureds' Claim to different claims representatives at least fourteen times.

**RESPONSE:**


29.     Admit that if Insureds' losses attributable to their Claim exceed the deductible, State Farm is obligated to cover the losses in excess of the deductible.

**RESPONSE:**


30.     Admit that a full roof replacement would exceed Insureds' deductible.

**RESPONSE:**


8

Respectfully submitted,

By: */s/ Jacquelyne D. Fiala*
      Jacquelyne D. Fiala (TN Bar No. 30498)
      7707 Indian Springs Drive
      Nashville, Tennessee 37221
      Tel: (615) 364-6251
      jackiedfiala@gmail.com

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served upon Defendant State Farm Fire and Casualty Company on November 15, 2023 via service to the Commissioner of the Tennessee Department of Commerce and Insurance with the Complaint.

17 JDF

By: */s/ Jacquelyne D. Fiala*
      Jacquelyne D. Fiala

9

State of Tennessee
Department of Commerce & Insurance
500 James Robertson Pkwy
Service of Process 10th Floor
Nashville, TN 37243-0565





7020 1290 0001 6215 3560

US POSTAGE ~ PITNEY BOWES

ZIP 37243 $ 011.10⁰
02 4N
0000390152 DEC 18 2023

7020 1290 0001 6215 3560   Dec 2023

Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203